By the Court.
 

 This cause was heard in the Court of Appeals upon appeal, and no motion was filed in that court to challenge the jurisdiction of that court to entertain the cause on appeal until after judgment had been rendered in that court. The nature of the action was such that that court obviously had jurisdiction of the subject-matter. The principles declared in
 
 Drake et al., Trustees,
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534, are therefore applicable and decisive. That cause was decided in this court in the year 1910, and that decision has been followed by this court in
 
 Rider
 
 v.
 
 Stasel, Trustee,
 
 84 Ohio St., 467, 95 N. E., 1154;
 
 McAdoo
 
 v.
 
 Hilsinger,
 
 86 Ohio St., 331, 99 F. E., 1129;
 
 Independent Brewing Co. of Pittsburgh
 
 v.
 
 Stewart,
 
 89 Ohio St., 90, 105 N. E., 143;
 
 Cadwell
 
 v.
 
 Cadwell,
 
 93 Ohio St., 23, 112 N. E., 148;
 
 State
 
 
 *404
 

 ex rel. Reamer
 
 v.
 
 Houck,
 
 95 Ohio St., 364, 116 N. E., 1009; and
 
 Van Dorn Iron Works Co.
 
 v.
 
 Erie-Huron Realty Co.,
 
 108 Ohio St., 314, 140 N. E., 325.
 

 In addition to these merit cases, this court has overruled motions to certify the record upon authority of that case. The principle has therefore become firmly established that the jurisdiction of the Court of Appeals to entertain a cause on appeal from a judgment of a court of common pleas must be challenged by motion to dismiss the appeal, interposed in the Court of Appeals before trial in that court. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.