PLANSON, EXR., v. SCOTT, ADMR., ET AL.

*Appeal and error—Right to challenge jurisdiction waived—*
*Proceeding with trial and submitting case without object-*
*ing or raising question—Power to dismiss appeal exists*
*as long as court retains jurisdiction—Real estate, devised*
*for particular term, to be sold and proceeds distributed—*
*Doctrine of equitable conversion applies, and remainder*
*treated as personalty—Distribution regulated by domicile*
*of Ohio beneficiary of nonresident testator, when—Former*
*statute for distribution of proceeds from ancestral prop-*
*erty, inapplicable—Fund declared personalty by foreign*
*court and vested before amendment—Fund not received by*
*Ohio administrator until after amendment passed—Estate*
*passes to beneficiary's relict and not to next of kin—*
*Section 8578, General Code.*

1. Where motion to dismiss cause for want of appealability was not made until after going to trial without objection, the motion came too late.
2. The power of the court to dismiss an appeal on the ground that the cause is not appealable exists so long as it retains jurisdiction of the cause.
3. The right to have an appeal dismissed for lack of appealability may be waived by going through the whole trial and submitting the cause without raising that question.
4. Where, under the terms of a will, a particular estate in real property is created for life or a term of years, with directions that the property shall be sold on the termination of the particular estate and the proceeds distributed among certain named beneficiaries, the doctrine of equitable conversion applies and the remainder will be treated as personal property, not as real estate.
5. Where court in state where will was probated declared a gift arising from the sale of real estate to be personal property and ordered it paid to deceased's beneficiary's administrator, distribution thereof is regulated by law of this state; the deceased beneficiary being domiciled here at the time of her death.
6. Section 8578, General Code, as it existed prior to the amend-

App.]        Planson, Exr., v. Scott, Admr.

ment of March 12, 1925 (111 Ohio Laws, 32), relative to the distribution of funds in the hands of an administrator arising from sale of realty, *held* not applicable to funds derived from a foreign state, which, though vested prior to the amendment, did not reach the administrator's hands in this state until after its passage.

7. Section 8578, General Code, as it existed prior to the amendment of March 12, 1925 (111 Ohio Laws, 32), relative to the distribution of funds in the hands of an administrator arising from sale of real estate, *held* not applicable where fund had been declared personalty by foreign court from which the fund came.

8. Where a fund arose from the sale of real estate under a foreign will under such circumstances as make the fund personalty, and the beneficiary in this state died before receipt of the fund, the estate passed to beneficiary's relict, where her next of kin were brothers and sisters and she left no children or descendants thereof.

(Decided May 2, 1927.)

APPEAL: Court of Appeals for Williams county.

*Mr. A. L. Gebhard,* for plaintiff.
*Mr. Charles E. Scott* and *Mr. David A. Webster,* for defendants.

WILLIAMS, J.   This cause comes into this court on appeal from the court of common pleas.   After the cause was tried and submitted upon the evidence, the plaintiff filed a motion to dismiss the appeal.   We are disposed to treat the motion as coming too late, and the right to have the cause dismissed for want of appealability, if it exists, to have been waived by going to trial without objection.   *Drake* v. *Tucker,* 83 Ohio St., 97, 93 N. E., 534; *Trumbull Sav. & Loan Co.* v. *Saviers,* 115 Ohio St., 403.   The power of the court to dismiss

an appeal because the cause is not appealable exists so long as it retains jurisdiction of the cause. *State, ex rel. Lander,* v. *Prestien,* 93 Ohio St., 423, 113 N. E., 325.

The right to have the appeal dismissed, however, may be waived by going through the whole trial and submitting the cause without raising that question. To allow parties or counsel the privilege of raising the question for the first time after the trial in the appellate court is completed might require the trial of many unappealable causes unnecessarily, and thus necessitate the expenditure of much time to no purpose by the delay in raising the question.

The action was brought by the plaintiff, George Planson, as executor of the last will and testament of J. A. Cuquel, deceased, against the defendant Charles E. Scott, as administrator of the estate of Amanda Cuquel, deceased, and other defendants, to obtain the direction of the court as to the distribution of the estate of Amanda Cuquel, deceased. The court below ordered and adjudged that the remainder of the fund of $2,610, after the payment of costs and proper charges, be paid to the plaintiff for distribution under the terms of the last will and testament of J. A. Cuquel, deceased. From this judgment the defendants appealed.

From the agreed statement of facts it appears that John P. Backesto died testate, a resident of San Jose, Cal., in the year 1890, and that his last will and testament was admitted to probate and his estate administered in the state of California; that Annie E. C. Backesto, wife of John P. Backesto, died on or about January 2, 1918; that by the terms

of the last will and testament of John P. Backesto, deceased, the property of the decedent was devised and bequeathed to his wife during her natural life, with directions that after her death the property should be sold and the proceeds equally divided among the children of certain named persons, including the children of Rebecca Rotsel, of Bryan, Ohio. Rebecca Rotsel was a sister of John P. Backesto, and the mother of Amanda Cuquel. J. A. Cuquel and Amanda Cuquel were husband and wife, and lived for many years in, and died in, Williams county, Ohio. Amanda Cuquel died intestate April 15, 1895, survived by her husband, J. A. Cuquel, who died testate November 10, 1925. The plaintiff, George Planson, was duly appointed executor of the last will and testament of J. A. Cuquel, deceased. The defendant Charles E. Scott was appointed administrator of the estate of Amanda Cuquel, deceased, on September 5, 1925. Amanda Cuquel, never having had any children, left surviving her no issue of her body begotten. Her sole and only next of kin were her brothers and sisters, seven in number. There was a proceeding in the superior court of Santa Clara county, Cal., to which all the defendants, other than Charles E. Scott as administrator as aforesaid, were parties. The cause was duly appealed to the District Court of Appeal. In accordance with a remittitur issued by that court to the superior court it was adjudged and decreed by the latter court, on June 19, 1925, that 2/54ths of the proceeds of the sale of the property—which was converted into money under the terms of the last will and testament of John P. Backesto, after the death of his wife—should be

distributed to the personal representative of Amanda Cuquel, deceased, daughter of Rebecca Rotsel, for her heirs or legatees, and that such 2/54ths interest vested in Amanda Cuquel at the time of the death of the testator, March 17, 1890. Under this decree of court the 2/54ths interest, amounting to $2,610, was paid, on or about September 20, 1925, to the defendant Charles E. Scott, as administrator aforesaid, who now holds it.

The question for our determination is whether the money in the hands of the administrator of the estate of Amanda Cuquel, deceased, shall be paid to the executor of the last will and testament of J. A. Cuquel, deceased, or to Amanda Cuquel's next of kin, that is, her brothers and sisters and their descendants. It is a well-settled rule of law, that, where under the terms of a will a particular estate in real property is created for life or a term of years, with directions that the property shall be sold on the termination of the particular estate and the proceeds distributed among certain named beneficiaries, the doctrine of equitable conversion applies, and the remainder will be treated as personal property, not as real estate. The authorities upon this proposition of law are collected in 13 Corpus Juris, 866, Section 34, footnote 16. It is evident that the court in California, in rendering its decree, applied this doctrine in so far as the estate may have consisted of real property, and ordered that 2/54ths of the estate be paid to the personal representative of Amanda Cuquel, for the reason that the bequest vested in her during her lifetime as personal property. The next of kin of Amanda Cuquel, who are defendants in the instant case,

were also defendants in the case in the California courts, and the decree in the latter case was binding on them, and when the fund of $2,610 came into the hands of the personal representative of Amanda Cuquel, deceased, it came into his hands as personal property, and not as real estate. It was money, and not land. If the money received were to be regarded in law as land, and not money, it would not be assets in the hands of the administrator. The court in California found the money to have the character of personalty and ordered it paid to the decedent's administrator. Had that court found it to have the character of real estate it would have decreed it to decedent's next of kin. The money received can only be treated as personal property. The fund in the hands of the administrator should therefore be distributed as personal property, and the distribution thereof is regulated by the law of the domicile of Amanda Cuquel, who died domiciled in Ohio. *Swearingen, Admr.,* v. *Morris,* 14 Ohio St., 424.

It remains to determine who would take the personal estate of Amanda Cuquel, deceased, under the laws of distribution in Ohio. Section 8592, General Code, formerly Revised Statutes, Section 4176, which was in force in 1895, and has been in force since, reads as follows:

"When a person dies intestate and leaves no children or their legal representatives, the widow or widower, as next of kin, will be entitled to all the personal property which is subject to distribution upon settlement of the estate. If the intestate leaves any children or their legal representatives, the widow or widower will be entitled to one-half

of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution.''

Section 8578, General Code, as amended by act passed March 12, 1925 (111 Ohio Laws, 32), provides as follows:

''When a person dies intestate and leaves personal property, it shall be distributed in the order and manner following; saving, however, such rights as a widow or widower may have to any part of such personal property:

''1. To the children of the intestate or their legal representatives.

''2. If there are no children, or their legal representatives, to the husband or wife relict of such intestate.''

Prior to that amendment this section, which was formerly Section 4163, Revised Statutes, read as follows:

''When a person dies intestate and leaves personal property, it shall be distributed in the manner prescribed in section eighty-five hundred and seventy-four, as to real property which came not by descent, devise or deed of gift from an ancestor; saving, however, such right as a widow or widower may have to any part of such personal property. But a fund in the hands of an administrator, guardian, assignee or other trustee, arising from the sale of real estate which came to such intestate by descent, devise or deed of gift from an ancestor, shall descend according to the course of descent prescribed by section eighty-five hundred and seventy-three, for ancestral real estate.''

The latter part of this section could have no bear-

ing on the question involved, not only because the section had been repealed before any funds came into the hands of the administrator, but also because, under the decree of the California court, the interest bequeathed was personalty.

Section 8574, General Code, formerly Section 4159, Revised Statutes, reads as follows:

"If the estate came not by descent, devise, or deed of gift, it shall descend and pass as follows:

"1. To the children of the intestate and their legal representatives.

"2. If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

It is very clear that under these provisions of the statutes of Ohio, J. A. Cuquel, as relict of the intestate, was, at the time of his decease, entitled to all the personal property of the estate of his deceased wife subject to distribution. The plaintiff, as personal representative of J. A. Cuquel, deceased, is therefore entitled to receive all the money which is in the hands of the defendant administrator and subject to distribution.

Decree will therefore be entered accordingly in this court, and substantially in the form of that in the court below.

*Decree accordingly.*

RICHARDS and LLOYD, JJ., concur.