## FIRST NATIONAL BANK OF WOODSFIELD, OHIO v BUCHANAN

Ohio Appeals, 7th Dist., Monroe Co.
Decided April 30, 1930

Matz & Matz, Woodsfield, for bank.
Strain & Mozena, Clarington, for Buchanan.

POLLOCK, J.

The proceedings provided in the Code in aid of execution begin with Chapter 2, Section **11760 GC.** This section provides for an action being brought in order to discover assets. Then follows in the same chapter of the Code, several special proceedings in aid of execution.

The question in this case depends on whether an order made under one of these special proceedings is appealable from the Court of Common Pleas to this Court. The appellate jurisdiction of this Court is provided by **Section 6, Article 4, of the Constitution,** which provides in substance that this Court has jurisdiction on appeal in chancery actions, so that it depends upon whether this proceeding is a chancery action.

The proceeding provided in **11760 GC.** is a civil action, and is a statutory proceeding having somewhat the same effect as a creditor's bill or a bill in discovery in equity. Such an action following the common law rule would be appealable. Pomeroy's Equity Jurisprudence, Section 171, and Section 1415.

This was also noted by the Supreme Court in **Dunbar v. Harrison, 18 OS., 24-37,** and, also, in the case of **Akron Chapter v. Reed, 24 Oh. App., 192.**

But following this section in this chapter are certain proceedings by which, upon filing an affidavit, the debtor can be examined as to his property, **11768 GC.,** and also anyone claimed by the judgment creditor, in an affidavit filed, to be indebted to the judgment debtor. **11772 GC.**

This latter section is the one under which proceedings now before this Court were begun in the Court below. This section reads as follows, so far as we need refer to it:—

"From the time of its service, property, money or credits in the hands, or under the control of the person or corporation so served, belonging to the judgment debtor, or due from him to such person or corporation, shall be bound, and he or it, as the case may be, thereby made liable to the judgment creditor, therefor."

After this, there is a provision for serving the notice, and, also, that the Court can appoint a referee to take the testimony, and make the findings.

Then, the order or judgment which could be entered thereon is found in **11781 GC.,** which reads as follows:—

"The judge may order any property of the judgment debtor or money due to him, not exempt by law, in the hands either of himself or other person, or of a corporation, to be applied toward the satisfaction of the judgment."

The proceedings provided by these latter sections are special proceedings, and summary in their nature, and intended only to determine what property, if any, is either held by the judgment debtor himself, or is owed to him by some third party. It is not an action at law. Even the orders entered cannot be enforced as a judgment,

but, unless complied with, relief must be obtained by a civil action making the parties interested parties defendant, unless personal property is found in the possession of judgment debtor upon which execution can be levied.

We think that it is not a chancery action but only a special proceeding to determine the property upon which the judgment creditor, if it shall be personal property in the hands of the defendant, an execution can be levied thereon, or, if owed to him from other parties, a civil action can be maintained. Akron Chapter v. Reed, supra.

Our attention has been called by the appellant to the case of **Trumbull Savings & Loan Co. v. Saviers, 115 OS. 403,** which holds that a motion to the jurisdiction in an appeal case comes too late, after judgment has been rendered in the Court of Appeals, but this motion came at the beginning of the submission of the case to this Court, so we think it was not too late.

Our attention has, also, been called to **Thomson v. Denton, 95 OS., 433,** in which the Court held that an action in appeal from the Court of Common Pleas to the Court of Appeals would lie to fully and finally determine the compensation for services of a receiver in a chancery case. The proceedings now before us were not in a chancery case, and were not a final and full determination.

Our attention is, also, called to the case of the **Bank of Trenton, v. Christ, 23 App., 484.** In that case, the Court held that proceedings in aid of execution under 11772 GC. was a lien upon property from the time of service.

We agree with that contention. The section itself so provides, but that does not determine whether or not the action is appealable.

We feel that this motion is well taken, and the appeal is dismissed.

Farr and Roberts, JJ., concur.