### TURNER, Attorney General, etc v
### REPUBLIC CASUALTY CO of
### PITTSBURGH, PA, et

Ohio Appeals, 2nd Dist, Franklin Co
No 1937.  Decided Sept. 29, 1930

Gilbert Bettman, Attorney General and Oscar Brown, Special Counsel, Cleveland, for Turner, etc.

Vorys, Sater, Seymour & Pease, Columbus, for defendant and Matthew H. Taggart, Commissioner of Insurance of the State of Pennsylvania.

Wilbur E. Benoy, Columbus and Griswold, Green, Palmer & Haddon, Cleveland, for defendant A. T. Knudson & Co.

**ALLREAD, J.**

We think that the case of **Wagner v. Armstrong, 93 Oh St 443** throws light upon the question presented. The cases there involved actions in partition and which had been appealed to the Court of Appeals. The cases found their way to the Supreme Court where it was decided that the actions were appealable, the syllabus being:

"All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law."

It was argued in that case that the fact that a special statutory proceedings in partition cases was provided for, would exclude partition from the category of chancery cases. After elaborate arguments, it was held that statutory proceedings for partition simply reduced to statutory form what before had pervailed as chancery cases and the cases were therefore appealable whether they were brought under the statutes or involved more elaborate jurisdiction in chancery.

Again, in the case of **Johnson v. Deaton, 105 Oh St** on page 285, the principal was affirmed and that not only the original order of partition was appealable, but the final order in the case was also appealable. This operated to overrule the former case of **McRoberts v. Lockwood, 49 Oh St 374.**

The case of **Hunner vs. Pardors 111 Oh St 595** holds that a foreclosing of a mechanic's lien although provided for by statute, is a chancery case and subject to appeal.

In the case of **Manning v. the Village of Lakewood, 94 Oh St, page 85,** it was held tha jurisdiction to enjoin the collection of taxes was appealable, although it was then embodied in the statutes. In a subsequent case where the taxes paid were sought to be recovered, it was held in the case of **McBride v. University Club, 112 Oh St 69,** that such action was not appealable. There was, therefore, a distinction between an action to enjoin the collection of taxes and an action to recover back taxes which had been legally assessed and had been paid. The latter case did not involve any chancery jurisdiction.

In the case of **Clark v. Clark, 110 Oh St 644,** an action had been brought in the Court of Common Pleas under statutory proceedings for the sale of an entailed estate. such action was held not to be appealable for the reason that the statute created a new action and provided for additional rights. It was therefore substantially a new action and there was no authority under the common law for the sale of entailed estates.

In the case of **In Re Gurnea, 111 Oh St 715,** it was held that proceedings in the Probate Court for the settlement of an estate could be appealed from the Probate Court to the Court of Common Pleas but the case when tried in the Court of Common Pleas could not be appealed to the Court of Appeals. This was upon the theory that a special court, to wit the Probate Court, had been created with jurisdiction in matters of probate.

The cases pending in the probate court might be subject in some respects to the principles of equity but there was no case in chancery which would justify its appeal from the court of common pleas. A similar case was presented in the case of **Sigafoos v. Marker, 27 Appeal, page 1.**

Counsel for the defendant filing the motion to dismiss the appeal also cites the case of **Chesapeake & Hocking Railroad Company v. Township Trustees,** reported in **30 App. page 39,** where it was held that:-

"Where special rights are conferred by statute, enforceable by special proceedings, no appeal lies from the judgment of the Court of Common Pleas, notwithstanding the fact that neither party was entitled to a trial by jury."

The case, however, involves the question of a new remedy provided by statute.

In the case of the **D. & M. Electric Company v. Commissioners** decided by the Supreme Court in **118 Oh St 501,** the latter part of the opinion contains the following statement:

"The Court of Appeals of its own motion dismissed the appeal in this case upon the ground that the proceedings did not constitute a chancery case, and since the petition to appropriate institutes a purely statutory proceeding under the oft repeated decisions of this Court the case was not appealable."

The case cited is another addition to the list of those cases where a special statutory provision originates the case and adds new rights which the common laws did not give.

In the present case we think there is no change of the legal rights of the parties by this statute. The Attorney-General, representing the Superintendent of Insurance, simply files an action alleging the original trust in the Insurance Commissioner and asking that all parties interested be brought in for the determination of their rights.

A case involving somewhat similar principles came up in **State ex rel v. Matthews, 64 Oh St, 419.** This case was decided be-

before the enactment of **641 GC.** It was held that:

"1. It is the official duty of such Superintendent, in the event that such company becomes insolvent, to act and perform his trust, by distributing the fund so deposited with him, pro rata among the several policy holders and when their just claims shall all be satisfied, to pay the balance, if any, to the company or its assignee or their successors."

The case of **Hogan, Attorney-General, v. Empire State Surety Company, 8 Appeal 172,** is cited. This case was brought into the Court of Appeals on appeal from the judgment of the Court of Common Pleas. The case was treated by all the parties as an appealable case. No objections were made to the appeal and the case was submitted on appeal and decided. It may be claimed that there is no authority from this case in favor of the appealability of the cause. We can only add that inasmuch as the Court of Appeals had the right to dismiss a non-appealable case, there is some interence that the Court of Appeals must have considered the case appealable.

The case of **State ex rel Turner, Attorney General v. Union Casualty Company, 8 Appeal 285** is cited. This case was reported on the final decision of the Court but does not purport to report the decision on the preliminary questions. We find that in an earlier stage a motion to dismiss the appeal was filed. The motion was overruled by the Court of Appeals and the case was then heard on the merits and judgment was rendered in favor of the creditors and against the State Insurance Commissioner of Pennsylvania. After judgment, the case was taken to the Supreme Court on motion for a writ of certiorari and the motion was overruled. It does not appear that the question of the appealability of the case was involved in the Supreme Court for the reason that the party who appeared in that court for a motion of certiorari, was the party who prevailed on the motion to dismiss the appeal in the Court of Appeals. The only authority therefore which supports the appealability of the case is the judgment of the Court of Appeals.

This court in passing upon the question of appealability in the Union Casualty Company case, in its decision dated October 11th, 1917 said:

"The action is, therefore, a case in chancery (see **93 Oh St 443).** In this case **(93 Oh St),** it was held that although actions in partition are regulated by statute, yet they are nevertheless to be regarded as chancery cases because the jurisdiction originated in chancery."

These cases establish original jurisdiction of this court and hold that the original rights of the parties were in chancery.

The creditors in this case filed their cross-petitions and sought the allowance of their claims as valid claims and an order for the payment thereof by the Superintendent of Insurance from the proceeds in his hands. We think that the cross petition of Knudson and Company was a claim in chancery against the Superintendent of Insurance and is subject to appeal.

It is further urged that the right of Knudson and Company to file a motion to dismiss the appeal was waived by the entry and order of this court for partial distribution of the funds. There is no written agreement so far as we have been able to discover binding Knudson to this partial distribution but in the entry itself there is an order that the claims of certain creditors, including Knudson and Company, are set down for hearing.

It is claimed that this entry justifies this Court in holding that Knudson and Company have waived the right to object to the appealability of the case. They cite, in support of their contention the case of **Mason v. Alexander, 44 Oh St 318, Planson, Executor v. Scott, Administrator, 26 App. 122.** It is the rule that a party to a case which has been appealed may be silent without waiving his rights to object to the appeal. We think he can not go farther and recognize by any affirmative act the appeal. We are unable to find, however, that Knudson and Company by any affirmative act waived its right to object to the appeal.

We therefore hold that the motion to dismiss the appeal must be overruled. Motion overruled.

Kunkle, PJ, and Hornbeck, J, concur.