Jones, J.
 

 Were it not for the facts presented in the second defense, we should feel inclined to affirm the order of the Court of Appeals commanding the county commissioners to restore the appropriation,' and, when restored, to compel the county auditor to issue his warrant to the relator for the amount due him by reason of the reduction of the appropriation.
 

 The appellate court found there were sufficient funds in the county treasury, unappropriated for any other purpose, to pay relator’s claim. We are in accord with the Court of Appeals in its holding that mandamus was the proper remedy; that under our present statutes the appropriation made in January, 1932, could not be reduced; and that the action begun on December 29, 1932, could proceed against the county commissioners newly elected and taking office January 2,1933. This action “is in its nature against the office, rather than against the person filling such office.”
 
 Pittsburgh, Ft. Wayne & Chicago Ry. Co.
 
 v.
 
 Martin, Treas.,
 
 53 Ohio St., 386, 41 N. E., 690.
 

 We come now to the crucial question in this controversy, and that is whether the relator is entitled, as a matter of clear legal right, to have presently issued in his favor a writ of mandamus which awards him money out of the county treasury, whén it appears that the bureau of inspection and supervision of public offices has found that the relator owes the county the sum of $10,056.24, and when it further appears that at the instance and upon the certificate of the auditor of state
 
 *416
 
 the prosecuting attorney of that county has brought the pending suit to recover that amount from the relator.
 

 Section 286, General Code, provides that the reports relating to official expenditures of public moneys, made under the auspices of the bureau of inspection and supervision of public offices, shall be filed “in the office of the auditing department of the taxing district reported upon; ” in this case in the office of the county auditor. A copy of the report is also required to be filed with the prosecuting attorney, who is authorized to institute and prosecute suit for the recovery of moneys due the county from the county official. Section 286-1, General Code, provides that when such an action is filed by the county prosecutor a certified copy of any portion of the bureau’s report “shall constitute prima facie evidence of the truth of the allegations of the petition.”
 

 While the second defense of the' answer does not specifically allege that the bureau’s report was filed with the county auditor, it will be presumed that such was done in conformity to the statute and that the law was complied with. How then stands the case? The county auditor, who ordinarily would be legally required to issue his voucher to the relator, is confronted with a situation where, at the time he is asked to do so, the duly constituted public authorities have found that the relator, who is clerk of courts, owes the county a much greater amount than that which the clerk claims the county owes him. At the same time the county auditor is also confronted by a statute informing him that in the pending suit of the county against the clerk for misappropriation of public moneys the examiner’s report is made
 
 prima facie
 
 evidence of the truth of the allegations contained in the petition in the pending suit. On the face of the record it then appears that while the county is legally indebted to the clerk in the sqm of $908.79, the auditor has in his files the official
 
 *417
 
 report of the public examiners showing that the clerk owes the county the sum of $10,056.24. Under such circumstances, does abstract justice require a court to issue a writ commanding the county auditor to issue his warrant for the payment of the clerk’s claim against the county?
 

 The Court of Appeals gave scant attention to this feature of the case. In three lines devoted to the question it said: “We are of the opinion that the claim of the county being unliquidated, it cannot be considered by this court in this action.” With-this statement we are unable to agree. Relator’s counsel contend that since the county’s claim is an unliquidated one, and since the cause of action set forth in the pending suit of the county is one which could not be used either as a set-off or counterclaim against the relator, the writ should issue in his favor. They insist that he must have his pound of flesh. But counsel f or the relator ignore the nature and character of this extraordinary writ. There are many authorities holding that the right to a writ of mandamus is not an absolute one which the court is required to issue in all cases, but that it frequently rests in the discretion of the court, which under some circumstances will not issue the writ unless abstract justice requires it. This principle is stated in the case of
 
 New York Mortgage Co.
 
 v.
 
 Secretary of State,
 
 150 Mich., 197, 114 N. W., 82, where the fourth proposition of the syllabus reads: “Mandamus is a discretionary writ which will not be awarded in all cases in which a prima facie legal right is shown, but will be withheld whenever the public interest would be injuriously affected by its issuance, or there is a doubt of its propriety.’? In that case the Chief Justice, closing his opinion and citing numerous eases in its support, said: “This court has repeatedly held that this discretionary writ will not be awarded in all cases, even when a prima facie right to relief is shown, but regard will be had to the exigency which
 
 *418
 
 calls for exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing upon the particular case.”
 

 ‘
 
 £ While mandamus is classed as a legal remedy it is a remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles.”
 
 2
 
 Honnold, Supreme Court Law, 1563. This is substantially the expression of the United States Supreme Court in the case of
 
 Duncan Townsite Co.
 
 v.
 
 Lane, Secy. of Interior,
 
 245 U. S., 308, 38 S. Ct., 99, 62 L. Ed., 309. This principle also found expression in the opinion in the case of
 
 State, ex rel. Murphy,
 
 v.
 
 Graves, Secy. of State,
 
 91 Ohio St., 36, 38, 109 N. E., 590, where it is said that: £ £ The right to a peremptory writ of mandamus by a relator must be predicated on the clear legal right of the relator and the inherent natural justice of his claims.” Under the circumstances we perceive no inequity in withholding county moneys from the county clerk until it be determined, in the suit pending against him, whether that official has converted county funds to his own use as reported by the state examiners.
 

 We are clearly of the opinion that the defense presented by the county officials in this case, setting forth the report of the bureau and the pending suit brought by the prosecuting attorney, constituted a presumably valid legal claim against the clerk and sufficiently justified the county auditor in refusing to issue his warrant. In the event that the relator should later succeed in defeating the pending suit against him, or in reducing the county’s claim to a less amount than the county owes him, he would be entitled to the writ. Entertaining these views, it follows that the judgment of the Court of Appeals should be reversed, and proceeding to render the judgment which that court should have
 
 *419
 
 rendered the writ will he denied and the petition of the relator dismissed.
 

 Judgment reversed.
 

 Weygandt, C. J., Allen, Stephenson, Matthias, Bevis and Zimmerman, JJ., concur.