Jones, J.
 

 The relator himself invoked the jurisdiction of the Columbiana county court. By that action he compelled the plaintiff in the divorce suit to incur the expense necessary for the defense of her suit in a foreign instead of her home county, where she resided. In addition to this it is evident that the relator apprehended from the various interlocutory orders made by Judge Lones of the Columbiana county court that an adverse judgment would likely be rendered against him upon the merits. He had asked the court for the personal custody of the child, this was refused; he had asked that its custody be placed with the grandparents, and this was also refused. He was compelled to pay $5.00 per week for the support of the child, and lastly he was found guilty of contempt in disobeying the court’s order pertaining to the child’s custody. It is obvious that the relator should be estopped from thus trifling with the courts, and from questioning the jurisdiction of the court in the divorce proceeding. He will not be permitted to gamble upon the results of the case and change his course of action should it be apparent that these results would be unfavorable to him. In
 
 Cleveland, C. & C. Rd. Co.
 
 v.
 
 Mara,
 
 26 Ohio St., 185, Welch, J., said: “Any other rule of practice would enable parties to trifle with the court by first requiring it to hear the case upon its merits, and then, when an
 
 *72
 
 adverse decision on the merits is reached, turning round and denying its jurisdiction, thus rendering all its labors abortive and useless.” See also:
 
 Drake et al., Trustees,
 
 v.
 
 Tucker,
 
 83 Ohio St., 97, 93 N. E., 534;
 
 Cadwell
 
 v.
 
 Cadwell,
 
 93 Ohio St., 23, 112 N. E., 148;
 
 Trumbull Savings & Loan Co.
 
 v.
 
 Saviers,
 
 115 Ohio St., 403, 154 N. E., 317. In those cases the appellees had made no objection to the jurisdiction of the Court of Appeals until after the submission of the case. This court held that the jurisdiction of the appellate court to hear the case on appeal was waived unless the jurisdiction was seasonably challenged by a motion to dismiss the appeal before trial. The same principle should be applied to this case under the peculiar facts developed by the record. From what has been said it becomes unnecessary to decide whether or not Section 12000, General Code, authorizing change of venue in divorce cases, is constitutional.
 

 The relator is not entitled to the extraordinary writ of prohibition and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Matthias, Bevis and Zimmerman, JJ., concur.