**CURRIE v**

**BALTIMORE & OHIO RD CO et**

Ohio Appeals, 5th Dist, Stark Co

Decided Jan 30, 1936

Amerman & Mills, Canton, and Sol Adelman, Canton, for appellant.

Paul G. Weber, City Solicitor, Canton, and Harry Nusbaum, Canton, for appellees.

**OPINION**

By SHERICK, J.

On October 29, 1935, the appellant recovered a judgment for $10,000, as damages for personal injury, against Paul Bernard, d.b.a. Checker Cab Company. On December 23, following, execution was issued thereon. Insufficient property was found to satisfy the judgment. Thereafter, on December 27, the judgment creditor filed in that cause what is denominated a motion and affidavit in aid of execution. This document bears the ear marks of resort to the statutory remedy provided by §11768, GC. In addition to the ordinary relief sought, it was asked that the judgment debtor and certain officers of the city of Canton be enjoined from authorizing or consenting to the transfer of the debtor's "franchise license." On the same day a temporary restraining order was issued, as prayed for. On January 4, 1936, the cause "came on to be heard upon the merits and the hearing in the proceedings in aid of execution," and among the court's other orders therein made, the temporary restraining order theretofore granted was vacated and held for naught. On January 4, the appellant filed in the trial court his notice of intention to appeal, which is denominated an "appeal—on questions of law and fact."

On the 22nd day of January, there were filed in this court charges in contempt as against the judgment debtor and the city officials. It is claimed therein that they have violated the order of injunction so allowed and vacated by the trial court, and which is appealed to this court. It is maintained by the appellant that the appeal so perfected leaves the injunction in full force and effect in this court.

The mayor of the city of Canton meets this charge with a preliminary motion to dismiss the charges in contempt, for two reasons: First, in that he was inducted into office on January 1, 1936, and had never been made a party to the proceeding in aid of execution; second, in that the proceeding in the trial court is a special statutory proceeding, not equitable in character, and therefore not appealable on questions of law and fact. The judgment debtor also moves to dismiss the appeal on questions of law and fact. These motions are the matters now before this court for determination.

With respect to the first reason assigned by the city's chief executive, in that he has not been made a party to the ▮▮▮ proceedings, it is this court's judgment that such is not well taken, for the reason that the proceedings are not directed against the individual, but is in its nature directed ▮▮▮ against the office, and substitution was not necessary. Such is the conclusion reached in Pittsburgh, Fort Wayne & Chicago Ry. Co. v Martin, Treas., 53 Oh St 386, 41 NE 690. This authority finds recent approval in Looker et, County Commrs. v State ex Dillian, 127 Oh St 413, 415, 188 NE 753. The fact that the present mayor may have or may have not had knowledge of the existence of the restraining order and be guilty of contempt thereof is, of course, a matter of evidence with which we are not now concerned or may not hereafter be of importance, if appeal does not lie on questions of law and fact to this court.

It is maintained that the appeal perpetuates in this court the injunction granted in the first instance by the trial court. The cases of Caldwell v High, 6 Dec. Rep. 1037, affirmed by the Supreme Court without report, see 10 Weekly Law Bulletin 404, and Massillon Electric & Gas Co. v Village of Orrville, 26 C.D. 43, 28 C.C. (N.S.) 572, decided by this court's predecessor, are cited as authority. When these cases are examined, it will be perceived that §§5226 and 5235, Revised Statutes, later §§12225 and 12235, GC, were determinative of the judgment arrived at. However, we now find that the Appellate Review Act, §12223 et seq, GC, repeals these former sections in toto. It is prescribed in a portion of that act, that is §12223-49, GC:

"This act shall become effective on the first day of January, 1936, and shall apply to the proceedings in any action where the final order or judgment appealed from is rendered after that date."

Our search discloses that the matter of continuation of injunctive relief, or more properly speaking, the suspension of such in the Court of Appeals, when injunctive causes are appealed to this court, is now found couched in the language of §§12223-17 and 12223-18, GC, and the old and unrepealed §11879, GC. It is this last provision which is now applicable to the matter before us upon these motions. It is clear from the final sentence of the last noted section and the language of the recently enacted §12223-17, GC, that discretion is now lodged in the reviewing court to afford a temporary remedy during the pendency of an action in the reviewing court. The mere fact that an appellant has filed a notice of his intention to appeal on questions of law and fact does not of itself preserve the temporary restraining order thereafter vacated in full force. If that temporary remedy be desired, application should be made to the reviewing court for such an order. Such was not done in the present appeal.

We are directed by the appellees to the cases of Akron Chapter No. 300, Amer. Ins. Union v Read, 24 Oh Ap 192, 157 NE 315, and First Natl. Bank of Woodsfield v Buchanan, 8 Abs 407, in support of their theory that a proceeding in aid of execution under §11768 et seq., GC, is not appealable on questions of law and fact, even though injunctive relief had been afforded in the Court of Common Pleas by authority perhaps of §11782, GC. We find it unnecessary to determine that question, in view of the fact that this court must conclude, as previously stated, that the injunction was suspended by the decree vacating it and this court was never called upon to revive that provisional remedy during the proceeding's pendency in this court.

We have but one further thought to express concerning the appealability of this matter, in view of the provisions of the Appellate Review Act, which is that the act, in so far as it pertains to a remedy is, without doubt, constitutional, but in as much as it attempts to confer jurisdiction upon this court upon questions of law and fact in such cases as are heretofore denominated other than equitable in character, is unconstitutional. Since the effective date of the act, the Supreme Court has reiterated its earlier pronouncements in the case of Foraker v Perry Township Rural School District Board of Education, 130 Oh St 243, 199 NE 74, that this court's jurisdiction is found only in constitutional provision. Hence, none of the act's provisions confers further jurisdiction upon this court or may be invoked to appellant's aid in the matter of appeal upon questions of law and fact.

It is, therefore, the judgment of this court that the present motions, in so far as they respect a hearing in this court upon the matter of contempt of court because of a presumed violation of non-existent injunction in this court, he and the same are sustained and the charges are dismissed. It

510

is our understanding from the statement of counsel in oral argument that the "franchise license" has already been transferred away. If this be true, it rather seems that a subsequent determination by this court on appeal as to whether the trial court erred in its conclusion in holding that the "franchise license" is not property, would be but a determination of a moot question, and that perhaps any such question should be tried out in an independent action.

Motion sustained.

LEMERT, PJ, and MONTGOMERY, J, concur.