DAILY, ADMR., *v.* DOWTY.

(Decided March 31, 1936.)

*Messrs. Weygant & Ross,* for the motion.
*Messrs. Critchfield, Critchfield & Critchfield* and *Messrs. Weiser & Weimer,* contra.

WASHBURN, J. In the Common Pleas Court this was a civil action tried to a jury, and the record discloses

that a judgment after the overruling of the motion for a new trial was entered in that court on the 6th day of January, 1936, which was after the time the new Appellate Procedure Act took effect.

On the 11th day of January, 1936, a petition in error, so called, was filed in this court, to which was appended a waiver of service of summons, signed by the attorneys for the defendant in error, all of which was in due accord with the old law governing error proceedings, which, however, had been repealed as applying to all judgments entered after December 31, 1935. No attempt whatever was made by the plaintiff in error, so called, to comply with the new procedure provided by the Legislature.

On March 4, 1936, which was more than 20 days after the aforesaid entry of judgment in the court below, a motion was filed in this court, by the party designated as defendant in error in said petition in error, to dismiss said proceedings in error for lack of jurisdiction of the subject-matter because "no notice of appeal was filed by the plaintiff in error, as required by law"; and the question presented is as to whether this court has jurisdiction to hear and determine the controversy.

Before the amendment of the Constitution in 1912, the jurisdiction of the predecessor of this court was fixed by the Legislature, and the Legislature also provided by law for the method of exercising that jurisdiction; and it was settled by the decisions of the Supreme Court that a failure to comply with the procedure prescribed by the Legislature within the time set out by the statutes prevented that court from acquiring jurisdiction.

Said amendment of the Constitution took away from the Legislature the power to confer jurisdiction on this court (which amendment also created this court), but by the terms of said amendment, and in the sched-

ule thereto, preserved in the Legislature the right to provide by law for the exercise of such jurisdiction. *Thompson* v. *Redington,* 92 Ohio St., 101, 110 N. E., 652, Ann. Cas. 1918A, 1161; *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, 111 N. E., 159; *Tinker* v. *Sauer,* 105 Ohio St., 135 at 141, 136 N. E., 854; *Barnes* v. *Christy,* 102 Ohio St., 160, 131 N. E., 352; *Russell, Admr.,* v. *Fourth Natl. Bk.,* 102 Ohio St., 248 at 256, 131 N..E., 726; *Craig* v. *Welply,* 104 Ohio St., 312, 136 N. E., 143; *Haas* v. *Mutual Life Ins. Co.,* 95 Ohio St., 137 at 140, 115 N. E., 1020.

See also *Commonwealth Oil Co.* v. *Turk,* 118 Ohio St., 273, 160 N. E., 856.

At the time said amendment was adopted there were in force acts of the Legislature providing the times in which, and the methods by which, it was necessary to act in order to invoke the jurisdiction of this court's predecessor, and the Supreme Court, in *Craig* v. *Welply, supra,* in the syllabus declared that:

"1. * * * The Schedule to the Constitution adopted in 1912 saves the laws then in force which are not inconsistent therewith, and statutory provisions then existing applicable to the method of exercising jurisdiction are still valid and effective."

Said laws which were so preserved were amended by the new Appellate Procedure Act which became effective January 1, 1936, which act expressly provides that it shall "apply to the proceedings in any action where the final order or judgment appealed from is rendered after that date." (Section 12223-49, General Code.)

In said new act the general method of invoking the appellate jurisdiction of this court in civil cases is the filing of a written notice of "appeal" in the trial court within 20 days after the entry of the judgment appealed from, and it is expressly provided that in that manner "the appeal shall be perfected." (Sections 12223-4, 12223-5 and 12223-7, General Code.)

It is evident that the new Appellate Procedure Act requires the giving of such notice as the jurisdictional step in the invoking of the exercise of appellate jurisdiction of this court, and it is settled by a long line of decisions that the Legislature is vested with the power to make such a requirement, and that a failure to comply with such a requirement prevents the appellate court from acquiring jurisdiction. *Craig* v. *Welply, supra; Young* v. *Shallenberger,* 53 Ohio St., 291, 41 N. E., 518; *Collins, Exr.,* v. *Millen,* 57 Ohio St., 289, 48 N. E., 1097; *Brown, Assignee,* v. *Wallace, Assignee,* 66 Ohio St., 57, 63 N. E., 588; *McRoberts* v. *Lockwood,* 49 Ohio St., 374, at 376, 34 N. E., 734; *Bruck* v. *Quick Withdrawal Bldg. Assn. Co.,* 101 Ohio St., 514, 130 N. E., 936; *Brown* v. *Wallace,* 12 C. D., 1, 21 C. C., 417; *Moore* v. *Brown,* 10 Ohio, 197; *Willis, Jr., Admr.,* v. *Willis,* 10 C. D., 798, 20 C. C., 664; *Dennison et al., Exrs.,* v. *Talmage,* 29 Ohio St., 433; *Mullins* v. *Webb,* 25 Ohio App., 352, 157 N. E., 815.

Our consideration of the new Appellate Procedure Act leads us to the conclusion that the language used by the Legislature indicates such intention.

It is not merely a question of jurisdiction of the person of the defendant, but of jurisdiction of the subject-matter of the particular controversy. The Legislature has a right to and has provided how such a controversy may be transferred to a reviewing court, and until it has been so transferred there is nothing in the reviewing court to which a waiver can apply, the Legislature having substituted the new procedure for the old and repealed the old.

Under the old procedure the Legislature provided two modes of transferring the subject of a controversy to a reviewing court, to wit, by appeal and by error proceedings, and where the appeal procedure was followed it was held to be too late to question whether the proper procedure was followed after the controversy

had been submitted to and decided by the reviewing court (*Drake, et al., Trustees,* v. *Tucker,* 83 Ohio St., 97, 93 N. E., 534; *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849); but the principles of those cases cannot apply where the Legislature has provided but one mode of procedure and where that mode has not been followed.

In our judgment the signing by the defendant below of a waiver of the issuance and service of summons, and entry of appearance on the so-called petition in error filed herein, were a mere nullity, and did not amount to the doing of anything by the defendant to mislead the plaintiff, or estop the defendant from objecting to the jurisdiction of this court.

In order to transfer a particular civil controversy from the Common Pleas Court to the Court of Appeals under the new Appellate Procedure Act, it is necessary to file a written notice of appeal with the Common Pleas Court (Section 12223-4, General Code) within the time prescribed by Section 12223-7, General Code, and if that is not done the Court of Appeals has no jurisdiction of such controversy, in the absence of facts amounting to an estoppel to raise the question of jurisdiction.

No such situation is presented here as was presented in the case of *Hedland* v. *Lones, Judge,* 128 Ohio St., 68, 190 N. E., 214, where an estoppel as to the question of jurisdiction was recognized.

The motion to dismiss the proceedings herein for want of jurisdiction is granted.

*Proceedings dismissed.*

FUNK, P. J., and STEVENS, J., concur.