I am of the opinion, upon the authority of Trumbull Savings Loan Co. v. Saviers, 115 Ohio St. 403, 154 N.E. 317, that the Court of Appeals did not err in hearing this cause de novo.
The principal question for decision is whether ordinance No. 15776, passed by the commission of the city of Dayton, is a valid and lawful enactment.
By virtue of Section 3, Article XVIII of the Constitution of Ohio, the city of Dayton possesses the authority to exercise all powers of local self-government and to adopt and enforce within its limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.
However, as remarked by Judge Johnson in the case *Page 338 
of Fitzgerald et al., Board of Deputy State Supervisors, v.City of Cleveland, 88 Ohio St. 338, 344, 103 N.E. 512, 514, Ann. Cas. 1915B, 106, the powers of local self-government thus conferred "are clearly such as involve the exercise of thefunctions of government." (Emphasis ours.)
Relative to the powers which a municipality may properly exercise, it is stated in 37 American Jurisprudence, 734, Section 119:
"The powers which a municipal corporation may exercise are intended to be used for the advantage of the public and the inhabitants generally and not for the particular advantage of one individual or group of individuals * * *. For this reason, any exercise of power must serve a public or municipal purpose in order to be legal."
In the next section of the same volume of American Jurisprudence it is said:
"Generally, a public purpose has for its objective the promotion of the public health, safety, morals, general welfare, security, prosperity, and contentment of all the inhabitants or residents within the municipal corporation, the sovereign powers of which are used to promote such public purpose. The phrase 'municipal purpose' used in the broader sense is generally accepted as meaning public or governmental purpose as distinguished from private."
See, also, State, ex rel. City of Toledo, v. Lynch, Aud.,88 Ohio St. 71, 102 N.E. 670, 48 L.R.A. (N.S.), 720, Ann. Cas. 1914D, 949.
Consequently, since the ordinance of the city of Dayton under consideration does not accomplish a governmental, public or municipal purpose, but serves merely to promote the private interests of a nonpublic organization, it is ultra vires and invalid.
In other words, the commission of the city of Dayton overstepped its prerogatives by adopting a measure *Page 339 
authorizing a governmental department of the municipality to perform extra-governmental services for the benefit of a private enterprise having no connection with the functioning of the city government.
For the reasons and upon the basis stated I concur in the final judgment for the appellant.
BELL, J., concurs in the judgment and also in Judge Zimmerman's concurring opinion, excepting the first paragraph thereof.