Middleton, J.
The controlling question raised in this court is with respect to the validity of the judgments of the Court of Appeals entered on September 30, 1952 (hereinafter sometimes referred to as one judgment), which reversed the judgments of the Common Pleas Court and affirmed the decisions of the Board of Liquor Control. The position of the appellees, who were the applicants, is that the judgment of the Court of Appeals entered September 30, 1952, is void for the reason that under the decision of this court in Corn v. Board of Liquor Control, 160 Ohio St., 9, 113 N. E. (2d), 360, the Board of Liquor Control was not authorized by Section 154-73, General Code, to prosecute appeals from the judgments of the Common Pleas Court. Therefore, it is claimed by them that the motion of the appellees herein to vacate its judgment was properly sustained by the Court of Appeals.
The appellants herein—the board, the department and the director—assert that the appellees did not object to the prosecution of the appeals by the appellants from the judgments of the Common Pleas Court at the time the appeals were taken and that the right to prosecute such appeals was not questioned until the motions were filed in the Court of Appeals on August 10, 1953, *40 as hereinabove stated. It is, therefore, asserted by the appellants that the judgment of the Court of Appeals entered September 30,1952, was a valid and binding judgment which can not now be disturbed.
These are not proceedings to vacate judgments after term pursuant to Section 11631, General Code. Fraud in the procurement of the judgment is not charged. The sole ground of the motions to vacate is lack of jurisdiction in the Court of Appeals to render its judgment of September 30, 1952.
It is elementary that in order to render a valid judgment a court must have jurisdiction of the subject matter and of the parties. Section 6 of Article IY of the Constitution of Ohio invests the Court of Appeals with certain original jurisdiction and “such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals.”
Section 12223-3, General Code, provides:
“Every final order, judgment or decree of a court * * * may be reviewed as hereinafter provided, unless otherwise provided by law * *
Section 12223-22, General Code, provides:
“Appeals on questions of law and fact may be taken:
“(1) From any court, tribunal, commission, or officer to any court of record as may be provided by law.”
Thus it appears that the Court of Appeals has general appellate jurisdiction except as may be specifically limited by statute.
Section 154-73, General Code, which is a part of the Administrative Procedure Act, provides for an appeal to the Common Pleas Court of Franklin County by any party adversely affected by any order of an agency denying the issuance or renewal of a license. That section provides that the judgment of the court to *41 which such appeal has been taken shall be final and conclusive “unless reversed, vacated or modified on appeal. ’ ’ In the instant cases the appeals to the Common Pleas Court were regularly prosecuted by the applicants who were unquestionably the parties adversely affected.
Although it can be said that there is no authority for an appeal by the Board of Liquor Control, it can not be validly argued that there is no authority for an appeal from a judgment of the Common Pleas Court to the Court of Appeals, which judgment of the Common Pleas Court was rendered on appeal from a decision of the Board of Liquor Control.
This court has consistently recognized that further appeal to the Court of Appeals may be prosecuted by the party adversely affected, here, the applicants, from an adverse judgment by the Common Pleas Court. It is well settled that the Court of Appeals has complete jurisdiction in an appeal from a judgment of the Common Pleas Court involving the issuance or renewal of liquor permits when such appeal to the Court of Appeals is prosecuted by the applicant as the party interested. In other words, the Court of Appeals has jurisdiction over the subject matter in any appeal from a judgment of the Common Pleas Court involving the issuance or renewal of liquor permits. The only question here posed is whether in the instant cases the Court of Appeals acquired jurisdiction of the persons, when the appeals were prosecuted by the Board of Liquor Control.
The Board of Liquor Control submitted itself to the jurisdiction of the Court of Appeals. The applicants had the right at that time to raise objections to the prosecuting of the appeals and to move for their dismissal. They did not exercise that right but proceeded in such manner as to constitute approval of the appeals. By such conduct they waived their right *42 to raise the question of jurisdiction over the parties after judgment.
In Drake et al., Trustees, v. Tucker, 83 Ohio St., 97, 93 N. E., 534, the plaintiffs insisted that from the nature of the issues joined the case was not appealable from the Common Pleas Court to the Circuit Court, and that the latter court was, therefore, without jurisdiction to entertain the appeal and render judgment. Judge Shauck, in the opinion, said:
"* * * In order that the view upon which the case is to be determined here may not be obscured, we assume, without deciding, that the case was not appeal-able. It does not follow this assumption that the Circuit Court was without jurisdiction of the subject of the:controversy between the parties. Such jurisdiction is conferred upon the Circuit Court by statute over the subject of every matter which has been litigated in the Court of Common Pleas. * * * To give the Circuit Court jurisdiction of the subject of the controversy, the consent of the plaintiffs, upon the assumption we are now making, was not necessary. Nothing further was necessary than that they should waive objection to the mode in which the defendants invoked the exercise of the jurisdiction; and that they effectively did by entering upon the trial of the cause in the Circuit Court without there interposing a motion to dismiss the appeal. The record shows that they raised no question respecting the mode by which the defendants had invoked the exercise of the jurisdiction of the Circuit Court until their motion for a new trial which was made after the trial was completed and the adverse conclusion of the court announced.”
The syllabus of that case reads:
‘ ‘ Whether a cause in which an appeal has been taken to the Circuit Court from the judgment of the Court of Common Pleas is appealable, is a question which *43 cannot be effectively made except by a motion to. dismiss the appeal interposed in the Circuit Court before the trial in that court.”
The decision in Drake et al., Trustees, v. Tucker, supra, has been approved and followed in many cases, including Cadwell v. Cadwell, 93 Ohio St., 23, 112 N. E., 148; State, ex rel. Reamer, v. Houck et al., Judges, 95 Ohio St., 264, 116 N. E., 1009; Hedland v. Lones, Judge, 128 Ohio St., 68, 190 N. E., 214; Sheets, Exr., v. Hodes, Admr., 142 Ohio St., 559, 564, 53 N. E. (2d), 804; and Hagerman, Dir., v. City of Dayton, 147 Ohio St., 313, 325, 71 N. E. (2d), 246.
In Trumbull Savings & Loan Co. v. Saviers, 115 Ohio St., 403, 154 N. E., 317, this court held in a per curiam opinion:
‘ ‘ This cause was heard in the Court of Appeals upon appeal, and no motion was filed in that court to chalenge the jurisdiction of that court to entertain the cause on appeal until after judgment had been rendered in that court. The nature of the action was such that that court obviously had jurisdiction of the subject matter.. The principles declared in Drake et al.,Trustees, v. Tucker, 83 Ohio St., 97, 93 N. E., 534, are therefore applicable and decisive. * * *
“* * * The principle has therefore become firmly established that the jurisdiction of the Court of Appeals to entertain a cause on appeal from a judgment of a Court of Common Pleas must be challenged by motion to dismiss the appeal, interposed in the Court of Appeals before trial in that court.”
The decisions in the above cases are in harmony. with the well settled general rule, as is indicated in 39 American Jurisprudence, 979, Section 106, where the subject is discussed as follows:
“An objection of want of capacity to sue cannot usually be taken after issue is joined on the merits; as *44 a general rule, unless such an objection is taken by-plea in abatement or by answer or affidavit raising the question, or by a demurrer, according to the local practice, before trial on the merits, it is to be deemed waived, in the absence of special circumstances relieving the defendant from waiver. Clearly, such objection cannot be raised after judgment or entertained for the first time in the appellate court, for the reason that a defect found lurking in the record on appeal may not be allowed to defeat recovery, where the defect might have been remedied if the objection had been seasonably raised in the trial court. And it is equally well settled that an objection to want of capacity to sue comes too late after issue is joined on the merits. The defect may be waived by answering to the merits after the overruling of a demurrer challenging the capacity of the plaintiff to bring the action. A plea of general issue is a waiver of objections to the person of the plaintiff and admits capacity to sue.”
As is true with respect to most legal problems, there is a minority group of courts whose decisions are not in accord with the foregoing statements. We are, however, content to follow the reasoning of the majority of the courts. That such reasoning was adopted by this court many years ago is indicated by Bank v. Green, 40 Ohio St., 431.
The weight of authority does not support appellees ’ contention that the judgment of the Court of Appeals here questioned is void because of legal disability or incapacity of the Board of Liquor Control to prosecute the appeals from the Common Pleas Court, although it is generally held that the question may be successfully raised by timely objection. See 39 American Jurisprudence, 977, Section 105.
There must be an end to litigation. Stability of the law requires finality of decisions of the courts. These *45 fundamental principles can not be' questioned. The position taken by the appellees in the present proceedings is inconsistent with such fundamental conceptions.
In árgument the appellees rely heavily upon the recent decision of this court in Miller v. Bureau of Unemployment Compensation, 160 Ohio St., 561, 117 N. E. (2d), 427. In that case the claimant perfected an appeal to the Common Pleas Court from a decision of the Unemployment Compensation Board of Review. The Common Pleas Court-reversed that decision and decided the issues in favor of the claimant. The Board of Review then took an appeal to the Court of Appeals which affirmed the judgment of the Common Pleas Court. The right of the Board of Reyiew to prosecute that appeal was not challenged in the Court of Appeals. Promptly after the judgment of the Court of Appeals, a motion was filed in this court for an order to certify the record, which motion was allowed. In this court for the first time the question was raised as to the right of the Board of Review to prosecute the appeal from the judgment of the Common Pleas Court. This court recognized the lack of authority of the Board of Review to prosecute .the appeal but did not disturb the judgment of the Court of Appeals or pass upon its validity. This decision may be considered as modifying anything said in the Miller case which is inconsistent herewith.
In the instant cases, it is the conclusion of this court that the Court of Appeals had jurisdiction of the subject matter of the appeals from the judgments of the Common Pleas Court; that any irregularity in prosecuting those appeals was waived by failure of the parties having the right to do so to raise such question by objection or motion until after the Court of Appeals had heard the appeals and rendered - judgment; that the judgment so rendered on September *46 30, 1952, is valid and can not now be vacated or set aside on the ground of lack of jurisdiction.
This conclusion makes it unnecessary to consider any of the other questions raised in these appeals.
The judgments of the Court of xlppeals are reversed.

Judgments reversed.

Weygandt, C. J., Taet, Hart, Zimmerman and Stewart, JJ., concur.
Lamneck, J., concurs in the syllabus and in the judgment.