Turner, J.
 

 The decision of this case rests upon whether Section 12000, General Code, is still in effect and still means what it did when enacted. This section provides:
 

 “Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not be had before the court in which a petition for divorce or alimony is filed, a change of venue shall be
 
 *297
 
 allowed, and the cause removed to some county in the same judicial district for hearing and determination. ’ ’
 

 In refusing to grant a peremptory writ of mandamus commanding the transfer of the divorce case to another county in the same judicial district and in allowing a writ of prohibition forbidding action by the judges of the Court of Common Pleas until the question of disqualification of the judges of such court had been determined by the Chief Justice of this court, the Court of Appeals relied upon Section 3 of Article IV, Constitution of Ohio, as amended in 1912 and the legislation passed in pursuance thereof. Section 3 of Article IV provides:
 

 ‘ ‘ One resident judge of the Court of Common Pleas, and such additional resident judge or judges as may be provided by law, shall b.e elected in each county of the state by the electors of such county; and as many courts or sessions of the Court of Common Pleas as are necessary, may be held at the same time in any county. Any judge of the Court of Common Pleas may temporarily preside and hold court in any county; and until the General Assembly shall make adequate provision therefor, the Chief Justice of the Supreme Court of the state shall pass upon the disqualification or disability of any judge of the Court of Common Pleas, and he may assign any judge to any county to hold court therein.”
 

 A review of the history of Section 12000, General Code, and the applicable provisions of the Ohio Constitution will show that the amendment of Section 3, Article IV, had no effect on the statute here in question.
 

 Section 4, Article IV of the Constitution, still provides :
 

 “The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law.”
 

 Section 12 of Article XI of the Constitution still provides :
 

 
 *298
 
 “For judicial purposes, the state shall be apportioned as follows: * * *
 

 “Fourth district. The counties of Lucas, Ottawa, Sandusky, Erie and Huron, shall constitute the first subdivision; Lorain, Medina, and Summit, the second; and the county of Cuyahoga, the third subdivision, of the fourth district; and together, shall form such district. ’ ’
 

 When the Legislature decided to confer jurisdiction in divorce and alimony on the Courts of Common Pleas to the exclusion of this court, it passed a comprehensive act therefor on March 11,1853. 51 Ohio Laws, 377.
 

 As a part of that act conferring jurisdiction, the following change of venue section was enacted:
 

 “Section 13. A change of venue shall be allowed by any court in which any petition for divorce or alimony may be filed for the hearing and determination of the same, upon the petitioner making application therefor, and making an affidavit that in his or her behalf a fair and impartial hearing and determination cannot be had before the court in which the petition is filed, and in case of such change of venue, the cause shall be removed to any county of the same judicial district for hearing and determination. ’ ’
 

 This section has never been amended, and while it has been edited in the codifications, it has always remained a part of the chapter on divorce and alimony. See Revised Statutes of 1880, Section 5704; Swan & Critchfield, 514; General Code of 1910, Section 12000. It is still part of the chapter on divorce and alimony.
 

 It will be observed that Section 3 of Article IV of the Constitution as it now stands is directed primarily at
 
 judges
 
 rather than
 
 courts,
 
 while Section 12000, General Code, is directed only to courts.
 

 Prior to 1912, the original Section 3 of Article IV divided the state into
 
 common pleas
 
 districts. Section 12000, General Code, does not now and never did refer to common pleas districts. It refers only to
 
 judicial
 
 
 *299
 

 districts,
 
 and Section 12 of Article XI,
 
 supra,
 
 is the only provision creating snch districts and is still in effect. It follows, therefore, that the 1912 amendment of Section 3 of Article IY did not affect Section 13 of the Act of March 11, 1853, now carried into the General Code as Section 12000.
 

 Sections 1687 and 2253-1, General Code, are quickly disposed of here. The former facilitates disqualification proceedings, while the latter allows the Chief Justice of this court to collect his necessary expenses incurred in discharging his duties in determining the disqualification or disability of any judge. Those sections have no application to proceedings under Section 12000, General Code, which is purely a venue statute. Cases like
 
 Duncan, Judge,
 
 v.
 
 State, ex rel. Brown,
 
 82 Ohio St., 351, 92 N. E., 481, which was based upon Sections 550 and 469, Revised Statutes, and
 
 State, ex rel. Chute,
 
 v.
 
 Marshall, Chief Justice,
 
 105 Ohio St., 320, 137 N. E., 870, which was based upon Sections 1687 and 2253-1, General Code, were concerned with the disqualification of a judge and not with the question of venue. Sections 1687 and 2253-1, together with the provisions of Section 3, Article IY, became the successors of Sections 550 and 469 and related sections of the Revised Statutes, which were concerned with the disqualification of a judge and not with the question of venue.
 

 Coming now to Section 11415, General Code, this is a general statute providing for a change of venue. It should need no citation of authority to convince that as between a general and particular provision, the particular controls. Furthermore, there is an important distinction to be noted between Sections 12000 and 11415. In the latter section, it is provided,
 
 “When it appears to the court
 
 that a fair and impartial trial cannot be had * * while in Section 12000, it is provided,
 
 “Upon application of a party and his or her
 
 
 *300
 

 affidavit
 
 that a fair and impartial hearing and determination can not be had * * *.”
 

 Section 12000, General Code, applying only to divorce and alimony cases, is not limited by Section 11415, General Code. Hence, there is no necessity for discussing the authorities applicable to Section 11415.
 

 A section whose provisions are more analogous to the provisions of Section 12000 is Section 11416, General Code, which provides for a change of venue in a corporation suit, and which reads:
 

 “When a corporation having more than fifty stockholders is á party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party makes affidavit that he can not, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five creditable persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties.”
 

 As pointed out in 40 Ohio Jurisprudence, 1220, Section 83, while some of the lower courts did hold that under Section 11416 the court had a discretion as to the sufficiency of the affidavits, “but in its latest pronouncement upon the subject, the Supreme Court said that when the application for a change of venue is properly sustained, in accordance with the statute, the statute is mandatory.”
 

 In the case of
 
 Snell
 
 v.
 
 Cincinnati Street Ry. Co.,
 
 60 Ohio St., 256, 54 N. E., 270, this court held:
 

 “It is not necessary, to entitle the applicant to the benefit of the statute [now Section 11416. General Code] in a case for which it provides, that his affidavit shall state the grounds of his belief that he can not have a fair and impartial trial in. the county in which the action is pending, nor that the sustaining affiants shall state the grounds of their belief. It is sufficient that the affidavit of the applicant state that he can not
 
 *301
 
 ‘as he believes,’ have a fair and impartial trial in that county. And his application is ‘sustained’ within the purview of the statute, when there is filed the several affidavits of five credible -persons residing in the county, stating that they entertain the same belief. When so complied with, the statute is mandatory.”
 

 While the validity of Section 12000, General Code, was challenged in the case of
 
 Hedland
 
 v.
 
 Lones, Judge,
 
 128 Ohio St., 68, 190 N. E., 214, that case was disposed of in this court on the ground of estoppel.
 

 In
 
 Easterday
 
 v.
 
 Easterday,
 
 131 Ohio St., 165, 2 N. E. (2d), 8, it was held that there was no debatable constitutional question involved. There, however, the application and affidavit for change of venue were not filed until the case had been fully tried and submitted after hearing.
 

 In the case of
 
 Lesh
 
 v.
 
 Lesh,
 
 138 Ohio St., 492, 37 N. E. (2d), 383, it was accepted as a matter of course that the venue in that case had been changed from Defiance to Putnam county, and no issue was made thereon.
 

 In 40 Ohio Jurisprudence, 1225, Section 90, it is said:
 

 “The court in which a petition for divorce or for alimony has been filed is required, upon application of a party, supported by his or her affidavit, that a fair and impartial hearing and determination cannot be had before such court, to allow a change of the venue therein. In such case, the cause is removed to some county in the same judicial district for hearing and determination. In case of such transfer the court acquires full jurisdiction of the cause and all orders theretofore made in it. General Code Sections 1687, 11415, which are general statutes relating to change of venue, are not applicable to a change of venue in a divorce action, in view of the specific application of General Code Section 12000., This latter section of the code was not repealed by the constitutional amendment
 
 *302
 
 of Article IV, Section 3, providing for the election of a common pleas judge in every county of the state.”
 

 Upon timely application of a party and his or her affidavit that a fair and impartial hearing and determination cannot be had before the court in which the petition for divorce or alimony is filed, a change of venue shall be allowed and the cause removed to some county in the same judicial district. No hearing on the basis or grounds of such party’s belief or reason for his application or affidavit is authorized. The statute is mandatory. Section 12, Article XI of the Constitution, apportions the state into judicial districts for judicial purposes.
 

 The application and affidavit for a change of venue having been made prior to a hearing on the merits, appellant had a right to a change of venue to another county in the same judicial district.
 

 The judgment of the Court of Appeals is reversed and a peremptory writ of mandamus as prayed for is allowed.
 

 Judgment reversed and writ allowed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bettman, JJ.,. concur.
 

 Williams, J., dissents.