Stewart, J.
 

 We are of the opinion that the question in this case has been substantially answered by this court in the case of
 
 State, ex rel. Grogan,
 
 v.
 
 Wanamaker, Judge,
 
 139 Ohio St., 293, 39 N. E. (2d), 853.
 

 The sole question involves the construction of Section 12000, General Code, which reads as follows:
 

 “Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not be had before the court in which a petition for divorce or alimony is filed, a change of venue shall be allowed, and the cause removed tó some county in the same judicial district for hearing and determination.”
 

 The facts in the present case are that the divorce suit between relator and his wife was pending in the Court of Common Pleas of Trumbull county; that there were two judges of that court; that in the divorce case one of the judges had granted a temporary restraining order, without bond; that in the case there had been submission of a motion for determination of temporary support and custody of a minor child; that there had been a submission to a hearing of the motion of the relator for modification of an order regarding the custody of the minor child; and that relator had secured the postponement of the date of the trial from the date set.
 

 When the divorce case was called for hearing there was some delay in proceeding because, respondent charged a grand jury and heard an uncontested divorce case, and in the interim of waiting the attorneys for relator and the defendant in the divorce case were in consultation.
 

 When the divorce case was finally called for trial, relator filed his application for change of venue under
 
 *149
 
 Section 12000, General Code, before any witness had been sworn or any proceedings had in the trial upon the merits.
 

 It is the contention of the respondent - that since relator had submitted to the Trumbull county court in the disposition of matters preliminary to the trial on the merits of the divorce case, and since he gave no-indication as to his' intention to file a motion for a change of venue until the attorneys had been directed to proceed, the application for change of venue was-filed too late. It was a further contention of the respondent that the application was not filed in good faith but for the purpose of bargaining with the defendant in the divorce case. If these contentions were addressed to Section 1687, General Code, with reference to the disqualification of a judge, or to Section 11415, General Code, which is the general statute providing for change of venue, they would have considerable force, but Section- 12000, General Code, applies only to divorce and alimony cases, and its language is so plain and unambiguous that there can be no doubt as to its meaning.
 

 In the
 
 Wanamaker
 
 case,
 
 supra,
 
 the first paragraph of the syllabus reads:
 

 “Under Section 12000, General Code, upon timely application of a party and his or her affidavit that a fair and impartial hearing and determination cannot be had before the court in which the petition for divorce or alimony is filed, a change of venue shall be allowed and the cause removed to some county in the same judicial district. No hearing on the basis or grounds of such party’s belief or reason for such application or affidavit is authorized. The statute is mandatory.”
 

 It is true that Section 12000, General Code, makes no provision as to the time when the application shall be filed, but Judge Turner in the opinion in the
 
 Wana
 
 
 *150
 

 maker case,
 
 on page 302, said: “The application and affidavit for a change of venue having been made prior to a hearing on the merits, appellant had a right to a change of venue to another county in the same judicial district.”
 

 In the present case, although relator had submitted to the Trumbull County Common Pleas Court in relation to preliminary matters in his divorce suit, it is undisputed that even though the parties were,in court and had been directed to proceed, the application was filed before any witness had been sworn as to the merits of the case. Therefore, the respondent had the mandatory duty to direct the change of venue. Since Section 12000, General Code, requires a change' of venue when the proper application with affidavit has been filed, and since no hearing as to the reason for such application or affidavit is authorized, the question of good faith is not involved. As relator filed his application and affidavit before any hearing on the merits of the divorce case, the matter of good faith is not relevant. This may seem a harsh doctrine, and respondent in overruling the application for change of venue said:
 

 “The court feels that the actions of the plaintiff are rather unfair, in that if he had any objection to the courts of Trumbull county it would have been much more just to the defendant to have mentioned that objection and made the application for transfer of the case before the case was called for trial.”
 

 That statement might be persuasive if Section 12000, General Code, did not require the court to allow the change of venue upon an application and affidavit. But we cannot pass upon the fairness or the wisdom of an enactment of the General Assembly. Our only function is to declare the meaning of what the General Assembly has enacted.
 

 It is contended by respondent that mandamus and
 
 *151
 
 prohibition are not proper remedies in the present ease, but with that we cannot agree. If ■ respondent had the mandatory duty to allow the change of venue upon the filing of the application and affidavit by relator, the respondent had no discretion in the matter and his obligation can properly be compelled by a writ of mandamus. Furthermore, although having overruled the application for change of venue, respondent proceeded with the hearing of’ the divorce case upon the cross-petition of the defendant therein but without any participation or submission by relator.
 

 Bespondent has not yet journalized a decree in the divorce case, and since he had no authority to proceed with the case after the application and affidavit for a change of venue were filed, prohibition is a proper remedy to prevent any further action by respondent.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.