THE STATE, EX REL. ALLIED CHEMICAL CO. ET AL., *v.* AURELIUS.

(No. 48158—Decided February 21, 1984.)

*Mr. Richard E. Guster, Mr. Timothy S. Guster* and *Mr. George A. Clark,* for relators.

*Mr. John T. Corrigan,* county prosecutor, for respondent.

JACKSON, P.J. The relators have filed a petition for writ of mandamus, and request issuance of an alternative writ of mandamus, to overturn a decision of the Cuyahoga County Court of Common Pleas denying their motion for change of venue.

Relators are defendants in the case of *Stillo, et al.* v. *Rubbermaid, Inc., et al.* (Cuyahoga Cty. C.P. No. 52270). Relators filed a motion in the trial court for change of venue to Wayne County, from Cuyahoga County, on the ground that proper venue does not lie in Cuyahoga County. The trial court denied their motion. Relators now request that a writ of mandamus issue to compel the trial court to transfer the proceeding to Wayne County.

Civ. R. 3(G) prohibits collateral attack upon an order solely on the ground of improper venue. The same rule specifically preserves the right to appeal from an error of the court regarding venue. Civ. R. 3(G) provides:

"The provisions of this rule relate to venue and are not jurisdictional. No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue."

The Staff Notes to this rule make clear that orders involving venue are not subject to collateral attack, but may be reviewed directly by way of appeal from final judgment:

"Rule 3(G) once again emphasizes the proposition that improper venue does not relate in any way to the power of a court to render a valid judgment. Venue is not jurisdictional or subject to collateral attack. However, an error of the court concerning venue may be subject to direct appeal at such time as there is a final appealable order."

An order upon a motion granting or denying venue is interlocutory, and is not subject to immediate appellate review in Ohio. *Snell* v. *Cincinnati Street Ry. Co.* (1899), 60 Ohio St. 256, paragraph five of the syllabus. Federal court decisions to the contrary are not persuasive authority in Ohio, because federal statutes authorize interlocutory appeals. Some federal courts have also employed the extraordinary writs to review interlocutory orders involving venue. See 15 Wright, Miller & Cooper, Federal Practice and Procedure (1976), Section 3855. In Ohio, on the contrary, it is the strong policy of the law to deny extraordinary writs in such cases. See *State, ex rel. Dunbar,* v. *Ham* (1976), 45 Ohio St. 2d 112 [74 O.O.2d 213] (writ of prohibition denied).

Prior authority in Ohio for the proposition that mandamus will lie to correct errors involving venue was based upon a

statute (G.C. 12000) which was specifically applicable to divorce and alimony. This statute has since been superseded by Civ. R. 3. See *State, ex rel. Keller,* v. *Birrell* (1948), 149 Ohio St. 145 [36 O.O. 482][1]; *State, ex rel. Grogan,* v. *Wanamaker* (1942), 139 Ohio St. 293 [22 O.O. 320].

Relators have an adequate remedy at law by way of appeal from final judgment. Accordingly, their petition for writ of mandamus is dismissed.[2]

*Writ dismissed.*

McMANAMON, ANN, J., concurs.

NAHRA, J., dissents.

NAHRA, J., dissenting. I respectfully dissent both from the denial of the alternative writ and the petition for a peremptory writ. Civ. R. 3(C) provides, in relevant part, that:

"(1)  When an action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, upon timely assertion of the defense of improper venue as provided in Rule 12, *the court shall transfer the action* to a county stated to be proper in subdivision (B) of this rule." (Emphasis added.)

The writ of mandamus should lie for an erroneous ruling on venue in clear violation of the Civil Rules for the reasons so aptly stated by the United States Court of Appeals for the Ninth Circuit as follow:

"A decision denying change of venue is complete and final in itself. It is not a step toward final judgment on the merits which will merge in such final judgment. Instead, it is collateral to and separable from the rights asserted in the action. Venue provisions deal with rights too important to be denied review. Yet error in denying change of venue cannot be effectively remedied on appeal from final judgment. The purpose of the rule is to avoid the disruption, expense, and inconvenience parties and witnesses must suffer by having the trial in an improper forum. To require litigants to await final judgment for

---

[1] The dissent cites a quote from the text of *State, ex rel. Keller,* v. *Birrell, supra,* in support of the proposition that "issuing a writ of mandamus in such a case [denial of motion for change of venue] is not inconsistent with prior Ohio law." This interpretation of the *Birrell* case is clearly inaccurate in view of the following facts. In *Birrell,* Judge Stewart stated:

"We are of the opinion that the question in this case has been substantially answered by this court in the case of *State, ex rel. Grogan,* v. *Wanamaker, Judge,* 139 Ohio St., 293 [22 O.O. 320] * * *." The sole question involves the construction of Section 12000, General Code, * * * [*Id.* at 148].

"* * *

"* * * Section 11415, General Code, * * * is the General statute providing for change of venue, * * * but Section 12000, General Code, applies *only to divorce and alimony cases* * * *." (Emphasis added.) *Id.* at 149.

The petition for writ of mandamus in the case at bar does not involve divorce or alimony.

[2] The judgment of this court in the case at bar is in conflict with a decision of the Ohio Ninth Appellate District in *State, ex rel. Ohio Bell Telephone Co.,* v. *Reece* (June 28, 1978), Summit App. No. 8808, unreported. Because the issue in conflict has implications for the orderly administration of justice and the prompt and final disposition of civil cases, this court *sua sponte* certifies the record of this cause to the Supreme Court for review and final determination, pursuant to R.C. 2505.072 and Rule III of the Rules of Practice of the Supreme Court.

The issue upon which the decisions of this court and the Ninth Appellate District conflict is: "Does a writ of mandamus lie against an inferior court to compel the trial court to grant a change of venue where it is alleged that said Court has erroneously overruled such a motion for change?"

relief serves to defeat the very purpose of the venue rule by requiring them to submit to the disadvantages from which the rule is designed to relieve them. Once trial has been completed damages cannot be collected for the extra expense suffered." *Pacific Car and Foundry Co.* v. *Pence* (C.A. 9, 1968), 403 F.2d 949, 952 (footnote omitted). Contrary to the conclusion reached by the majority, no *adequate* remedy at law is apparent.

Civ. R. 3(G) cited by the majority says that no order shall be void or subject to collateral attack because there was improper venue. This is an entirely different matter than attacking venue itself. Civ. R. 3(G) sheds no light on the question of whether mandamus will lie to compel a court to transfer a case that has been improperly venued.

Moreover, issuing a writ of mandamus in such a case is not inconsistent with prior Ohio law. The Supreme Court of Ohio, pursuant to a venue provision of the former General Code, permitted the issuance of a writ of mandamus to correct an erroneous ruling by the trial court stating that:

"If respondent had the mandatory duty to allow the change of venue upon the filing of the application and affidavit by relator, the respondent had no discretion in the matter and his obligation can properly be compelled by a writ of mandamus." *State, ex rel. Keller,* v. *Birrell* (1948), 149 Ohio St. 145, 151 [36 O.O. 482].

Indeed, this court has permitted an *appeal* from an order granting a change of venue. The parties were not required to try the case first and then argue about venue. *Varketta* v. *General Motors Corp.* (1973), 34 Ohio App. 2d 1 [63 O.O.2d 8]. *State, ex rel. Dunbar,* v. *Ham* (1976), 45 Ohio St. 2d 112 [74 O.O.2d 213], cited by the majority, deals with a *permissive* change of venue and in my view has no application to this case

which involves a mandatory duty to grant a change of venue.

Finally, I believe the court's action in dismissing the petition for a peremptory writ as well as the application for an alternative writ is premature since no answer or other responsive pleading has been filed, no briefing of the issues has occurred and no hearing has been held. Though an alternative may be denied, the case should still proceed as an original action as provided in R.C. Chapter 2731.