The STATE ex rel. WOOD et al.

v.

McCRYSTAL, Judge.

[Cite as *State ex rel. Wood v. McCrystal* (1994), 97 Ohio App.3d 419.]

Court of Appeals of Ohio,
Erie County.

No. E–93–78.

Decided Jan. 20, 1994.

*Murray & Murray* and *Michael T. Murray,* for relators.

*Gary A. Lickfelt,* Erie County Assistant Prosecuting Attorney; *Weston, Hurd, Fallon, Paisley & Howley* and *James L. McCrystal, Jr.,* for respondent.

*Per Curiam.*

This matter is before the court on relators' petition for a writ of mandamus. Relators, Harry S. Wood and Cynthia Wood, ask this court to issue a writ ordering respondent, Judge James L. McCrystal, Sr., to vacate a judgment entry changing the venue of their personal injury action from the Erie County Court of Common Pleas to the Seneca County Court of Common Pleas. Relators also ask that we order respondent to reinstate their cause on the docket of the Erie County Court of Common Pleas.

■ A writ of mandamus will lie only if the relator establishes (1) a clear legal right to the relief requested, (2) a clear legal duty on the part of the respondent to provide the requested relief, and (3) he or she has no other plain and adequate remedy at law. *State ex rel. Fant v. E. Cleveland Mun. Court Clerk* (1992), 62 Ohio St.3d 530, 531, 584 N.E.2d 721, 722. Based on the facts of this case, this court finds that relators have a clear legal right to have their cause of action venued in Erie County, that respondent has a clear legal duty to retain jurisdiction over their cause of action, and that relators have no other adequate remedy at law.

In 1985, Harry S. Wood was injured in a motor vehicle accident which occurred in Huron County. On September 2, 1987, he filed a complaint in which he alleged that the negligence of Audrey Blackburn, Randy Bilger, and the Ford Motor Company caused his injuries. Cynthia Wood asserted a loss of consortium claim. It is undisputed that Blackburn and Ford Motor Company resided in Erie County, Ohio. Bilger resided in Sandusky County, Ohio.

Prior to trial, relators entered into a settlement agreement with Blackburn and the Ford Motor Company. The claims raised against these two defendants were dismissed on May 10, 1991. The claim against Bilger proceeded to trial. At the close of all the evidence, relators moved for a directed verdict on the issue of Bilger's liability. The trial court granted this motion. The jury returned a verdict on the question of damages and awarded Harry S. Wood $110,000; Cynthia Wood was awarded zero dollars in damages. Bilger appealed this judgment. On appeal, this court reversed, among other things, the grant of the motion for a directed verdict. See *Wood v. Ford Motor Co.* (Mar. 12, 1993), Erie App. No. E–91–74, unreported, 1993 WL 65238.

On remand, relators requested leave to file an amended complaint. The request was granted by the court below. This complaint added new defendants, Whitta Construction, Inc. and Robert A. Sherlock. Relators alleged that the

negligence of Sherlock caused a motor vehicle accident on October 16, 1991, in Sandusky County, Ohio. Harry S. Wood was injured in this accident. The complaint asserted that, in addition to new injuries, the 1991 accident aggravated the injuries Harry S. Wood suffered in the 1985 accident. Both Sherlock and his employer, Whitta Construction Company, reside in Seneca County. All defendants filed motions for a change of venue to Sandusky County. Judge McCrystal sustained the motions of the defendants for a change of venue and transferred the personal injury action to Seneca County.

■ Generally, a writ of mandamus will not lie to compel a court to grant a motion for change of venue because the overruling of the motion is an interlocutory order and is, therefore, subject to appellate review upon completion of a case. *State ex rel. Saunders v. Allen Cty. Court of Common Pleas* (1987), 34 Ohio St.3d 15, 516 N.E.2d 232; *State ex rel. Allied Chem. Co. v. Aurelius* (1984), 16 Ohio App.3d 69, 16 OBR 73, 474 N.E.2d 618. Thus, this right to appeal provides an adequate remedy at law. *Id.* However, the Supreme Court of Ohio has allowed a petition for writ of mandamus to compel a trial court to vacate an order changing venue. In *State ex rel. Starner v. DeHoff* (1985), 18 Ohio St.3d 163, 18 OBR 219, 480 N.E.2d 449, the Supreme Court issued a writ of mandamus in a case where the trial court severed one of the plaintiffs' claims against a particular defendant and transferred venue over that claim only to a different county. The *Starner* court reasoned that appeal was not an adequate remedy because (1) the action was properly venued in the first county, (2) the only basis for transfer was, therefore, the inability to obtain a fair trial in that county (that inability was not alleged), and (3) an appeal after the merits of plaintiffs' case was determined was not an adequate remedy because the change of venue order defeated the purpose of joining separate claims against individual defendants in order to minimize costs and time. *Id.* at 165, 18 OBR at 220, 480 N.E.2d at 451.

In this case, as in *Starner*, Whitta, Sherlock and Bilger did not assert that a change of venue was necessary in order to obtain a fair trial. Instead, they argued that none of the parties to the personal injury action was a resident of Erie County and that neither of the accidents occurred in Erie County; therefore, the action was improperly venued.

Civ.R. 3(C) permits the timely assertion of the defense of improper venue as provided in Civ.R. 12(B)(3). Nevertheless, this defense can be waived. Civ.R. 12(H). Furthermore, in a multiple-defendant/multiple-claim case, venue is proper to all parties if it is proper to any one of the parties. Civ.R. 3(E). As a result, "[n]either the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties." Civ.R. 3(E).

This case is not a "new" action. Two of the original defendants resided in Erie County and relators' personal injury action was properly venued there. Their dismissal did not affect the Erie County Court of Common Pleas' power to hear relators' case. Staff Notes to Civ.R. 3 (Page 1982). Additionally, Bilger never raised the issue of improper venue at the inception of this suit and thereby waived his right to raise this defense. *Nicholson v. Landis* (1985), 27 Ohio App.3d 107, 27 OBR 137, 499 N.E.2d 1260. Whitta Construction, Inc. and Sherlock did timely raise the defense of improper venue. Consequently, in order to grant that motion, respondent would have to sever the claims against these two defendants and, in doing so, create a situation which falls within the ambit of the rule set forth in *Starner*. We therefore find that the lower court could not determine change of venue without severing the claim against Bilger from those against Whitta Construction Company and Sherlock. Appeal after the Seneca County Court of Common Pleas renders a decision is, under the circumstances of this cause, not an adequate remedy to compel the Erie County Court of Common Pleas to retain rightful jurisdiction. Consequently, relators' petition for writ of mandamus is found well taken and is granted.

This court orders that a writ of mandamus shall issue directing Judge James L. McCrystal of the Erie County Court of Common Pleas to vacate his change of venue order, file-stamped August 25, 1993, and to reinstate *Wood v. Bilger*, No. 87–CV–453, on the civil docket of the Erie County Court of Common Pleas. Costs of this original action are assessed to respondent.

*Judgment accordingly.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.