OPINION
Appellant Judith Bratton is appealing the decision of the Summit County Court of Common Pleas that dismissed her lawsuit against Appellee Stephan Kremer and also requests this Court to send this matter back to Stark County.
Appellant Bratton fails to set forth the facts of this case in her appellate brief and appellee did not file a brief. However, based upon the judgment entry dismissing her case in Summit County, it appears that appellant originally brought this action, in Stark County, against Appellee Stephen Kremer. In her complaint, appellant alleged claims of defamation and invasion of privacy. Appellee filed a motion for a change of venue, which the Stark County Court of Common Pleas granted, on August 20, 1997.
Once transferred to Summit County, appellee filed a motion to dismiss, which the trial court granted on March 27, 1998. It is from this judgment appellant appeals. Appellant sets forth no assignment of error, in her appellate brief, but it appears from a review of her brief she is contending the Summit County Court of Common Pleas improperly dismissed her case and requests this Court to not send this matter back to Summit County, but re-instate the case in Stark County.
 I
This Court lacks jurisdiction to address the issue raised in appellant's brief. The Stark County Court of Common Pleas transferred appellant's case to Summit County pursuant to appellee's motion for change of venue. Section 3, Article IV, Ohio Constitution provides, in pertinent part:
 (2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies. (Emphasis added.)
Therefore, since Summit County had jurisdiction over this matter, appellant had to file her notice of appeal with the Summit County Court of Appeals as Summit County is not within the jurisdiction of the Fifth District Court of Appeals.
Further, the grant or denial of a motion for change of venue is not a final appealable order. State ex rel. Allied ChemicalCo. v. Aurelius (1984), 16 Ohio App.3d 69. Therefore, even if appellant were merely appealing the Stark County Court of Common Pleas' decision to change venue to Summit County, this would not be a final appealable order for purposes of review in this Court.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.