DECISION AND JUDGMENT ENTRY
This matter comes before the Court sua sponte on the question of whether the order being appealed is a final appealable order as defined by R.C. 2505.02. On September 10, 1999, appellant filed a notice of appeal from the August 10, 1999 "Order" which transfers venue to the Warren County Court of Common Pleas.
Revised Code 2505.02 sets forth the definitions of final orders. In the case sub judice, the relevant definition of final order is contained in R.C. 2505.02(B). Pursuant to R.C. 2505.02
(B)(1), a final order is "[am order that affects a substantial right in an action that in effect determines the action and prevents a judgment." An order that changes venue neither determines the action nor prevents a judgment. An order granting a motion to change venue is interlocutory and is subject to appellate review only after a final judgment has been issued."State ex rel. Allied Chemical Co. v. Aurelius (1984), 16 Ohio App.3d 69, 474 N.E.2d 618.
Accordingly, we find that the August 10, 1999 "Order" is not final or appealable. Thus, this appeal must be dismissed for lack of jurisdiction.
Appeal DISMISSED. Costs to Appellant.
Harsha, J., and Evans, J.: Concur.
For the Court
 ________________________ Peter B. Abele Administrative Judge