**In re W.W.**

[Cite as *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2009–L–162.

Decided Oct. 29, 2010.

Charles E. Coulson, Lake County Prosecuting Attorney, and Teri R. Daniel, Assistant Prosecuting Attorney, for appellant, Lake County Department of Job and Family Services.

Murray & Black and Michael D. Murray, for appellee, Carol Wilde.

Caterina M. Cocca–Fulton, guardian ad litem.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, the Lake County Department of Job and Family Services, appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, granting appellee Carol Wilde's motion to dismiss the complaint filed by the department against her. The complaint alleged that Carol had committed child abuse against her minor son, W.W. At issue is whether the court abused its discretion in dismissing the complaint due to improper venue. For the reasons that follow, we reverse and remand.

{¶ 2} On August 27, 2009, the department filed a complaint alleging that Carol's son, W.W., then age 12, was an abused child pursuant to R.C. 2151.031. The complaint alleged two counts of child abuse against Carol and further alleged that the alleged abuse occurred in the city of Painesville, Lake County, Ohio. W.W.'s father, Jeffrey Wilde, is not a named party in this appeal. The Wildes were divorced in 2008.

{¶ 3} On September 2, 2009, the trial court appointed Caterina Cocca–Fulton as guardian ad litem for the minor child. Cocca–Fulton filed her report on October 23, 2009, in which she stated that W.W. was placed with Carol and that Jeffrey had visitation. She said that the problems between the parents had become burdens for the child, and she was concerned that the child was underachieving at school. She recommended that neither parent discuss the case with the child, that both parents review the child's school work and maintain contact with his teacher, and that the parents follow the rules of W.W.'s counselor.

{¶ 4} An adjudicatory hearing was held on November 6, 2009. Dr. Boushra Ward, the child's pediatrician, testified that Jeffrey brought his son to see her due to injuries he sustained in July 2008. Dr. Ward stated that the child complained of a stiff neck and back and had bruising on his body, specifically on his face, back, and neck. Dr. Ward said that she sent the child for x-rays and that the results showed he had no broken bones.

{¶ 5} Deputy Joseph Basco of the Lake County Sheriff's Office testified that Jeffrey brought W.W. to the station to file a report against Carol due to injuries she had allegedly inflicted on the child. Basco interviewed W.W. and his father and then interviewed Carol. She told the deputy that W.W. was "giving her attitude" and that she disciplined him by grabbing his face to get his attention and by smacking him on the rear end. Carol acknowledged that she may have left some marks. Basco saw that W.W. had a bruise on his left cheek, marks consistent with hand marks on both sides of his neck that were the result of both bruises and scratches, and slight bruising on his back. Basco took photographs of W.W.'s injuries.

{¶ 6} Bridget McGuire, a social worker with the department, testified that after she was informed of the alleged abuse, she contacted the Lake County Sheriff's Office. At that time, W.W. and his father were at the station, and Basco invited her there to interview them. McGuire interviewed W.W. and his father separately at the station. She then spoke with Carol and her boyfriend, who were also there. According to McGuire, Carol initially denied hitting or spanking W.W. However, she later admitted that because W.W. was argumentative and disrespectful, she grabbed his neck, arm, and cheeks; hit him on the back a few times; and restrained him by grabbing his legs. McGuire testified that W.W.'s injuries included a bruise on his left jaw, dark red bruises behind both ears, dark red bruises and scratch marks on both sides of his neck, a faint bruise on his upper back, a bruise on his lower back, and a bloody lower lip. McGuire said that a voluntary safety plan was implemented at the station that day. Carol agreed to initiate mental-health services as well as to follow any recommendations. McGuire testified that on the following day, she visited Carol's home, which, she said, is located in "Painesville, Ohio, Lake County." She subsequently followed up with the family several times.

{¶ 7} Patrick McCafferty, a mental-health consultant, testified that he was contacted by Jeffrey, who was concerned about W.W.'s adjustment with respect to the situation involving his mother. McCafferty met with W.W. eight times before the hearing.

{¶ 8} W.W. testified that he lives at 89 Bryn Mawr Drive in Painesville. He stated that he got in a fight with his mother because he did not go to bed when she told him to. W.W. said that his mother slapped him once or twice with an open hand, causing him to fall off his bed and hit the radiator. When he got up, he swore at her, and she smacked him again. According to the child, he had a bruise on his cheek, bruises and scratches on his neck, bruises on his back, and a cut on his inner lip.

{¶ 9} After the department rested its case, Carol moved for a dismissal of the complaint, arguing improper venue. The court stated from the bench:

{¶ 10} "The complaint alleges and the [department] is required to prove the allegations contained in this complaint, and the [department] is required to prove * * * that the alleged abuse happened * * * in the City of Painesville, Lake County, State of Ohio.

{¶ 11} "In Count Number 2 it is alleged that * * * in the City of Painesville, Lake County, State of Ohio, * * * the abuse occurred.

{¶ 12} "The Court hereby finds that the [department] failed in its burden to prove that this happened in the City of Painesville. As a matter of fact, the Court is painfully aware that this happened in the Township of Painesville.

{¶ 13} "It's unfortunate, however, that the Court is required by law to therefore find that the State has failed to meet its burden and the underlying complaint is hereby dismissed."

{¶ 14} In the trial court's November 9, 2009 judgment entry, the court granted Carol's motion to dismiss the complaint. The trial court stated in its entry that "[b]ased on the evidence and testimony presented by the Department, the Court finds that the Department has failed to meet its burden as it pertains to venue, and therefore the Court cannot find that the Court has jurisdiction to proceed with this matter." It is from this judgment that the department filed the instant appeal.

{¶ 15} While this appeal was pending, on December 29, 2009, this court sua sponte ordered the department to show cause why this appeal should not be dismissed for lack of a final, appealable order. On January 13, 2010, the department filed a response to this court's order to show cause, as well as a joint stipulation of facts pursuant to App.R. 9(E), since a portion of the transcript was inadvertently omitted from the record. On January 29, 2010, the department filed an application for approval of the joint stipulation of facts, which was approved by the trial court on February 1, 2010. On February 8, 2010, this court indicated that this appeal would proceed on the merits. This court determined that after reviewing the limited materials presented and the department's response to the show-cause order, a more thorough review of the record and the briefs would be necessary in order to make a proper final, appealable order determination.

{¶ 16} The department asserts the following as its sole assignment of error:

{¶ 17} "The trial court erred by granting appellee's motion to dismiss for lack of venue because the venue of the Lake County Juvenile Court is the entire county."

■ {¶ 18} Before addressing the merits of the case, we first consider whether the trial court's November 9, 2009 judgment was a final, appealable order. This

court has held that "[a]ppellate courts have jurisdiction to review only final orders or judgments of the inferior courts in their district." *Alkenbrack v. Green Tree,* 11th Dist. No. 2009–G–2889, 2009-Ohio-6512, 2009 WL 4756349, at ¶ 11, citing Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, we have no jurisdiction to review the matter and must dismiss it. *Green Tree; Gen. Accident Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

{¶ 19} As a general proposition, "a judgment dismissing a case for improper venue is not a final appealable order." *Falls Elec. Contr., Inc. v. Tri-State Constr.,* 11th Dist. No. 2004–T–0104, 2004-Ohio-6952, 2004 WL 2940950, at ¶ 2, citing *State ex rel. Allied Chem. Co. v. Aurelius* (1984), 16 Ohio App.3d 69, 16 OBR 73, 474 N.E.2d 618; *Snell v. Cincinnati St. Ry. Co.* (1899), 60 Ohio St. 256, 54 N.E. 270. This is because the appealing party still has an effective remedy by way of appeal from the final judgment entered by the new court. *Molzon v. Molzon,* 11th Dist. No. 2003–G–2510, 2003-Ohio-5424, 2003 WL 22327313, at ¶ 3. However, "[t]he granting of a motion to dismiss is a final appealable order 'when all the claims of all the parties have been decided.'" *Lexford Properties, Inc. v. Schiltz,* 5th Dist. No. 2003CA00025, 2003-Ohio-4897, 2003 WL 22128788, at ¶ 17, quoting *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 3 O.O.3d 174, 359 N.E.2d 702.

{¶ 20} An order is a final, appealable order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In other words, "[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64.

{¶ 21} In juvenile matters, the issue of improper venue is governed by Juv.R. 11. Juv.R. 11(A) provides that if a child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence. The rule does not provide for the *dismissal* of a case for improper venue. However, in the case sub judice, after the court found that the department had failed to prove venue, the court found that it therefore lacked jurisdiction and dismissed the case. The court's ruling thus determined the action and prevented a judgment. It also deprived the department of a remedy it otherwise would have had. We therefore hold that it is a final, appealable order.

{¶ 22} The dissent maintains that the trial court's judgment dismissing the action due to improper venue is not a final, appealable order because there may be another remedy "due to the continuing jurisdiction of the juvenile court." The dissent ignores, however, that the court also ruled that it does not have jurisdiction to proceed with the matter. As a result of the court's ruling, contrary to the dissent, the court does not have continuing jurisdiction over the case; the department has been deprived of its right to prosecute abuse proceedings on behalf of W.W.; and the department does not have the ability to refile the complaint. In these circumstances, the trial court's dismissal is a final, appealable order because the case has been disposed of and there is nothing left for the court to decide. *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8. In that case, the Supreme Court of Ohio held: "Parties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal. * * * It is not logical to allow a party that believes a court wrongly asserted jurisdiction to appeal but to prevent a party that believes a court wrongly did not assert jurisdiction from appealing." Id. at ¶ 10. If we were to adopt the reasoning of the dissent, the department would not only be deprived of its remedy, it would be prevented from appealing the court's decision to dismiss its case. Id. at ¶ 9. "The injustice of this result is manifest." Id. The case mentioned by the dissent, *In re Cross,* 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, is inapposite. In that case, the Supreme Court stated that the juvenile court retains jurisdiction over any abused, neglected, or dependent child for whom the court has issued a dispositional order until the child attains the age of 18. Id. at ¶ 10. Not only has no such dispositional order been made here, the trial court actually dismissed the action for want of jurisdiction.

{¶ 23} Turning now to the merits of the case, we note that the standard of appellate review of a trial court's judgment addressing a defendant's motion to dismiss on the ground of improper venue is abuse of discretion. *Broadview Hts. v. Figler* (Mar. 17, 1994), 8th Dist. No. 65026, 1994 WL 86201, *2. "Decisions regarding venue are left to the sound discretion of the trial court." *Paparodis v. Snively,* 7th Dist. No. 06–CO–5, 2007-Ohio-6910, 2007 WL 4465386, at ¶ 52. This court has recently stated that the term "abuse of discretion" is one of art, connoting judgment exercised by a court that does not comport with reason or the record. *State v. Underwood,* 11th Dist. No. 2008–L–113, 2009-Ohio-2089, 2009 WL 1177050, at ¶ 30, citing *State v. Ferranto* (1925), 112 Ohio St. 667, 676–678, 148 N.E. 362. The Second Appellate District recently adopted this definition of the abuse-of-discretion standard in *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, at ¶ 65, citing Black's Law Dictionary (4th Ed.Rev. 1968) 25 ("A discretion exercised to an end or purpose not justified by and clearly against reason and evidence").

{¶ 24} The department argues that the trial court abused its discretion by granting Carol's motion to dismiss for lack of venue. We agree for two reasons.

{¶ 25} First, the trial court erred in finding that the department failed to prove that venue was proper in Lake County. "Venue is the legal term for the proper place for a trial to occur. See Black's Law Dictionary (7 Ed. 1999) 1553. Venue should not be confused with jurisdiction as they are distinct legal concepts. *Craig v. Consolidated Rail Corp.* (April 6, 1988), 9th Dist. No. 13332, [1988 WL 37626, *2]. Venue embodies 'the geographic division where a cause can be tried[.]' *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 88 [61 O.O.2d 335], 290 N.E.2d 841. 'Jurisdiction, on the other hand, relates to the court's power to hear and determine a case on its merits.' *Craig* at *4." *State v. Sunday,* 9th Dist. No. 22917, 2006-Ohio-2984, 2006 WL 1627375, at ¶ 9. Venue signifies the geographic division by county where a case should be tried. *Wilson v. Brown,* 7th Dist. No. 01–BA–35, 2002-Ohio-2410, 2002 WL 1065973, at ¶ 14; *Morrison* at 87. Venue is a procedural matter concerned with choosing a convenient forum and raises no jurisdictional implications. *Wilson.* Venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case. *State v. Brothers* (Dec. 14, 2001), 11th Dist. No. 2000–T–0085, 2001 WL 1602692, *5; *State v. Headley* (1983), 6 Ohio St.3d 475, 477, 6 OBR 526, 453 N.E.2d 716.

{¶ 26} The rule for venue in abuse cases filed in juvenile court is set forth at Juv.R. 10, as follows: "Any person having knowledge of a child who appears to be * * * abused may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence * * * or in which the * * * abuse occurred."

{¶ 27} Thus, the proper venue for an abuse case such as this is the county where the child resides or the county where the alleged abuse occurred. Here, the record establishes that Lake County is both the county of the child's residence and the county where the alleged abuse occurred. W.W. testified that he resides in Painesville, and McGuire testified that Carol's home, where W.W. resides, is located in Painesville in Lake County. The trial court erroneously limited its inquiry concerning venue to the municipality alleged in the complaint, finding that because the department alleged that the abuse occurred in the city of Painesville, the department was required to prove that it occurred there. However, because Painesville Township, where W.W. resides and the alleged abuse occurred, is also located in Lake County and venue is determined by county, we hold that the department met its burden to prove that the case was properly venued in the trial court.

{¶ 28} Second, the trial court erred in finding that because the department had failed to prove venue, the court did not have jurisdiction over the

at the top right

matter. In making this finding, the trial court obviously confused venue and jurisdiction. As noted above, these terms denote two distinct legal concepts. The fact that a case may not have been filed in the correct county does not mean that the court lacks jurisdiction to hear the case. Thus, even if venue was not proper in Lake County, that does not mean that the trial court did not have jurisdiction over the matter. Pursuant to R.C. 2151.23(A)(1) and Juv.R. 11, the juvenile court has jurisdiction over any child who resides in Ohio and who is alleged to be abused. This case involved an allegation that W.W., a resident of Lake County, Ohio, was an abused child. As a result, the trial court had jurisdiction over this matter.

{¶ 29} We therefore hold that the trial court abused its discretion by dismissing the complaint for lack of venue.

{¶ 30} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRENDELL, J., concurs.

O'TOOLE, J., dissents.

COLLEEN MARY O'TOOLE, Judge, dissenting.

{¶ 31} I respectfully dissent.

{¶ 32} "It is well established that a judgment dismissing a case for improper venue is not a final appealable order." *Falls Elec. Contr., Inc.,* 2004-Ohio-6952, 2004 WL 2940950, at ¶ 2, citing *State ex rel. Allied Chem. Co. v. Aurelius* (1984), 16 Ohio App.3d 69, 16 OBR 73, 474 N.E.2d 618; *Snell v. Cincinnati St. Ry. Co.* (1899), 60 Ohio St. 256, 54 N.E. 270.

{¶ 33} The instant case is governed by the juvenile rules rather than the Rules of Civil Procedure. When a juvenile court deals with the protection of a child from an abusive or dangerous situation not of the child's own making, it has continuing jurisdiction in order to allow for further dispositional orders in order to protect the child. *In re Cross,* 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, at ¶ 16–17.

{¶ 34} Upon a thorough review of the record and the briefs, I believe that the trial court's November 9, 2009 judgment entry, granting the motion to dismiss Carol's complaint for lack of venue, is not a final, appealable order. The agency can merely refile the complaint with the correct information contained within so

there is no discrepancy as to the complaint and the testimony due to the continuing jurisdiction of the juvenile court. Thus, the agency has the ability to refile the complaint, and the dismissal for venue is without prejudice and not a final, appealable order. Therefore, I believe that the appeal should be dismissed.

{¶ 35} For the foregoing reasons, I dissent.