[Cite as *Armstrong v. State*, 2017-Ohio-1207.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| SHAWN ARMSTRONG, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2016-T-0054** |
| | : | |
| - vs - | : | |
| | : | |
| STATE OF OHIO, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 00600.

Judgment: Affirmed.


*Shawn Armstrong*, pro se, PID: A664-072, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Plaintiff-Appellant).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Debra L. Gorrell Wehrle*, Assistant Attorney General, 150 East Gay Street, Criminal Justice Section, 16th Floor, Columbus, OH 43215 (For Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Shawn Armstrong, appeals from the May 3, 2016 judgment of the Trumbull County Court of Common Pleas, granting appellee's,

the state of Ohio, motion to dismiss regarding appellant's re-filed pro se wrongful imprisonment claim.[1]  For the reasons stated, we affirm.

{¶2}  Appellant was a defendant in the 1998 case relating to the murder of Brad McMillan.  Following trial, the jury found appellant guilty of one count of aggravated murder, in violation of R.C. 2903.01(A), with a firearm specification, in violation of R.C. 2941.145.  The trial court sentenced appellant to a prison term of 23 years to life.  Appellant filed an appeal with this court, Case Nos. 2001-T-0120 and 2002-T-0071.

{¶3}  On October 22, 2004, this court found that the trial court's failure to provide a limiting instruction regarding a witness's testimony allowed the prosecution to use prior unsworn statements, not only for impeachment purposes, but also as substantive evidence, in violation of appellant's constitutional right to confront a witness under the Sixth Amendment of the United States Constitution.  *State v. Armstrong*, 11th Dist. Trumbull Nos. 2001-T-0120 and 2002-T-0071, 2004 WL 2376467, ¶110, 118.  Thus, this court reversed appellant's conviction and remanded the matter for further proceedings.  *Id.* at ¶125.  Appellant remained incarcerated.

{¶4}  On remand, appellant was appointed counsel for a retrial. However, on May 12, 2006, the state filed for leave for a nolle prosequi without prejudice, which the trial court granted that same date.  Appellant was released from custody but remains subject to jeopardy for the murder of Mr. McMillan.

---

1. Appellant is currently incarcerated on another offense in another matter and is scheduled to be released from prison in 2022.

{¶5} In 2008, appellant filed a wrongful imprisonment case in the Franklin County Court of Common Pleas, seeking a declaration that he is a wrongfully imprisoned individual so that he may be entitled to seek compensation from the state under R.C. 2743.48. The matter was later transferred to Trumbull County. Thereafter, the state filed a motion to dismiss. Appellant subsequently voluntarily dismissed that case without prejudice.

{¶6} In 2009, appellant re-filed his complaint for wrongful imprisonment in Trumbull County. On August 23, 2010, the trial court dismissed the case with prejudice to re-file until such time as appellant can comply with the mandatory elements of R.C. 2743.48 (requiring an individual to prove that "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney[.]") R.C. 2743.48(A)(4). The court noted that the prosecutor's affidavit cannot be overcome by appellant as it states that appellant remains a suspect in the murder of Mr. McMillan. The trial court concluded that because appellant is unable to establish under any circumstances that the prosecutor cannot or will not bring further action against him, the court was without jurisdiction to entertain his complaint.

{¶7} In 2015, appellant re-filed his wrongful imprisonment claim in the Franklin County Court of Common Pleas. The matter was later transferred to Trumbull County. Thereafter, the state filed a motion to dismiss.

{¶8} On May 3, 2016, the trial court granted the state's motion to dismiss. The court found that given that the case involves the same parties and issues as well as arising from the same transaction or occurrence as that of the

3

prior litigation, i.e., wrongful imprisonment, where a final and valid decision was rendered on the merits in 2010, the case is barred by res judicata. The court also found that the lack of statutory limitation for re-indictment of murder charges under R.C. 2901.13(A)(2) barred appellant's ability to satisfy the fourth set of statutory criteria of R.C. 2743.48(A)(4). Appellant filed the instant pro se appeal and asserts the following four assignments of error:

{¶9} "[1.] The Trial Court Abused its' Discretion & Erred by granting The Appellees Motion to Transfer (Venue) finding that (Venue) was Proper in Franklin County.

{¶10} "[2.] The Trial Court Abused its' Discretion & Erred by Willfully denying Appellants Motion to Stay the Proceedings in Pursuant to R.C. 2711.02(B) pending Appellants Appeal of the Transfer of His Action to The Trumbull County Court of Common Pleas from Franklin County, Depriving Appellant of His Procedural & Substantive Due Process & Equal Protection of the Law.

{¶11} "[3.] The Trial Court Abused its' Discretion & Erred by Dismissing Appellants Claim against Appellee Due to the Doctrine of Res Judicata & The Statute of Limitation of R.C. 2901.13(A)(2) Depriving Appellant of His Substantive & Procedural Due Process & Equal Protection of the Law.

{¶12} "[4.] The Trial Court Abused its' Discretion & Erred by Dismissing Appellants Statutory Claim To be Declared a Wrongful Imprisoned Individual Contrary to the Plain Terms of O.R.C. 2743.48(A)(1)-(5) Depriving Appellant of

4

His Constitutional Guarantee of Substantive & Procedural Due Process & Equal Protection of the Law."

{¶13} Preliminarily, we note that the wrongful imprisonment statutes were intended to compensate only the innocent for wrongful imprisonment. *See Walden v. State*, 47 Ohio St.3d 47, 49 (1989). "In a proceeding under R.C. 2305.02 ("Jurisdiction to hear action for wrongful imprisonment"), the claimant bears the burden of proving his innocence by a preponderance of the evidence." *Id.* at paragraph three of the syllabus.

{¶14} "The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned. The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages. *Griffith v. Cleveland,* 128 Ohio St.3d 35, 2010-Ohio-4905, * * *, paragraph two of the syllabus. The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 'to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals.' 141 Ohio Laws, Part III, 5351. The statute was designed to replace the former practice of compensating those wrongfully imprisoned by ad hoc moral-claims legislation. *Walden*[*, supra,* at] 49 * * *. Under the statutory scheme, a claimant must be determined to be a 'wrongfully imprisoned individual' by the court of common pleas before being permitted to file for compensation against the state of Ohio in the Court of Claims. R.C. 2305.02 and 2743.48(B)(2); *Griffith v. Cleveland,*

5

paragraph two of the syllabus." (Parallel citations omitted.) *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶10.

{¶15} "Actions against the state for wrongful imprisonment are governed by R.C. 2743.48, which places the burden on a claimant to prove by a preponderance of the evidence that he or she meets the definition of a 'wrongfully imprisoned individual.'" *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, ¶15, citing *Doss, supra,* at paragraph one of the syllabus. To meet that definition, the claimant must satisfy each of the following requirements under R.C. 2743.48(A):

{¶16} "(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

{¶17} "(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

{¶18} "(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

{¶19} "(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city

6

director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

{¶20} "(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."

{¶21} In his first assignment of error, appellant argues the trial court erred in transferring venue from Franklin County to Trumbull County.

{¶22} R.C. 2305.02 states:

{¶23} "The court of common pleas in the county where the underlying criminal action was initiated has exclusive, original jurisdiction to hear and determine a civil action or proceeding that is commenced by an individual who seeks a determination by that court that the individual satisfies divisions (A)(1) to (5) of section 2743.48 of the Revised Code. If that court enters the requested determination, it shall comply with division (B) of that section."

{¶24} R.C. 2743.48(B)(1) provides in part: "A person may file a civil action to be declared a wrongfully imprisoned individual in the court of common pleas in the county where the underlying criminal action was initiated."

{¶25} In this case, the underlying criminal action, i.e., aggravated murder, was initiated and decided in the Trumbull County Court of Common Pleas. In 2015, appellant re-filed his wrongful imprisonment claim in the Franklin County

Court of Common Pleas. The case was later transferred to Trumbull County. Pursuant to R.C. 2305.02 and 2743.48(B)(1), the Franklin County Court of Common Pleas properly transferred the instant matter to Trumbull County.

{¶26} Appellant's first assignment of error is without merit.

{¶27} In his second assignment of error, appellant contends the trial court erred in denying his motion to stay pending his appeal of the transfer of venue to the Trumbull County Court of Common Pleas from Franklin County.

{¶28} An order granting or denying a motion to change venue is interlocutory and not a final order subject to appellate review under R.C. 2505.02. *State ex rel. Allied Chem. Co. v. Aurelius*, 16 Ohio App.3d 69 (8th Dist.1984), citing *Snell v. The Cincinnati Street Ry. Co.*, 60 Ohio St. 256, paragraph five of the syllabus (1899); *Falls Elec. Contracting, Inc. v. Tri-State Construction*, 11th Dist. Trumbull No. 2004-T-0104, 2004-Ohio-6952, ¶2; *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, ¶19 (11th Dist.).

{¶29} As addressed, pursuant to R.C. 2305.02 and 2743.48(B)(1), the Franklin County Court of Common Pleas properly transferred the instant matter to Trumbull County. In adhering to the statutory language, the matter was transferred to the county where the underlying criminal conviction was initiated, i.e., Trumbull County. As this court was without jurisdiction to render a decision on an order denying or granting a change of venue, it was proper for the trial court to deny appellant's request for a stay.

{¶30} Appellant's second assignment of error is without merit.

8

{¶31} In his third assignment of error, appellant alleges the trial court erred in dismissing his claim under res judicata and the statute of limitation.

{¶32} "Res judicata applies when (1) the judgment of the prior suit is valid, final, and was decided on the merits; (2) the judgment of the prior suit was issued by a court of competent jurisdiction; (3) both the prior and present suit involve the same parties or those whose interests are sufficiently close to call for privity; and (4) both the prior and present suit arose from the same transaction or occurrence." *Yeager v. Ohio Civil Rights Comm.*, 11th Dist. Trumbull No. 2004-T-0099, 2005-Ohio-6151, ¶35, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, syllabus (1995).

{¶33} As stated, in 2009, appellant re-filed his complaint for wrongful imprisonment in Trumbull County. On August 23, 2010, the trial court dismissed the case with prejudice to re-file until such time as appellant can comply with the mandatory elements of R.C. 2743.48 (requiring an individual to prove that "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney[.]") R.C. 2743.48(A)(4). The court noted that the prosecutor's affidavit cannot be overcome by appellant as it states that appellant remains a suspect in the murder of Mr. McMillan. The trial court concluded that because appellant is unable to establish under any circumstances that the prosecutor cannot or will not bring further action against him, the court was without jurisdiction to entertain his complaint.

**{¶34}** In 2015, appellant re-filed his wrongful imprisonment claim in the Franklin County Court of Common Pleas. The matter was later transferred to Trumbull County. Thereafter, the state filed a motion to dismiss.

**{¶35}** On May 3, 2016, the trial court granted the state's motion to dismiss. The court found that given that the case involves the same parties and issues as well as arising from the same transaction or occurrence as that of the prior litigation, i.e., wrongful imprisonment, where a final and valid decision was rendered on the merits in 2010, the case is barred by res judicata. The court also found that the lack of statutory limitation for re-indictment of murder charges under R.C. 2901.13(A)(2) barred appellant's ability to satisfy the fourth set of statutory criteria of R.C. 2743.48(A)(4).

**{¶36}** Thus, there was a valid final judgment decided on the merits by a court of competent jurisdiction. The prior and present suits involve the same parties and arose from the same transaction or occurrence, i.e., the alleged wrongful imprisonment. The issues are the same. The facts are identical.

**{¶37}** Appellant has already obtained a decision that he cannot prove that a prosecutor cannot or will not bring a criminal action of aggravated murder against him pursuant to R.C. 2743.48(A)(4). Appellant cannot be declared wrongfully imprisoned. In addition, the Ohio Supreme Court has established that a dismissal of a criminal murder conviction, without prejudice to re-filing, given the lack of time constraints under R.C. 2901.13(A)(2), bars an individual's ability to satisfy the fourth prong of the wrongful imprisonment statute. *C.K. v. State*, 145 Ohio St.3d 322, 2015-Ohio-3421, ¶18-19.

10

{¶38} Appellant's third assignment of error is without merit.

{¶39} In his fourth assignment of error, appellant maintains the trial court erred in dismissing his statutory claim to be declared a wrongful imprisoned individual contrary to R.C. 2743.48(A)(1)-(5).

{¶40} As stated, to meet the definition of a wrongfully imprisoned individual, the claimant must satisfy *each* of the following requirements under R.C. 2743.48(A)(1)-(5). Appellant did not. Even putting aside the doctrine of res judicata, the plain language of the wrongful imprisonment statutes required the Franklin County Court of Common Pleas to transfer the matter to Trumbull County, i.e., the county where the underlying criminal conviction was initiated, and bars a declaratory judgment of wrongful imprisonment as criminal charges "can be brought" against appellant. *See* R.C. 2305.02; R.C. 2743.48(A)(1)-(5) and (B)(1).

{¶41} Appellant's fourth assignment of error is without merit.

{¶42} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

11