IN RE APPLICATION OF PARKER.

**[Cite as *In re Application of Parker,* 135 Ohio St.3d 200, 2013-Ohio-190.]**

*Attorneys—Character and fitness—Violation of bar-examination rules by continuing to write after time is called—Application to register as a candidate for admission to the bar disapproved—Applicant may reapply after February 1, 2013.*

(No. 2012-1431—Submitted January 9, 2013—Decided January 29, 2013.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 520.

_____

**Per Curiam.**

{¶ 1}  Jasmine Shawn Parker of Covington, Kentucky, is a 2011 graduate of the Chase College of Law and has applied as a candidate for admission to the Ohio bar.  On the recommendation of the admissions committee of the Cincinnati Bar Association, the Board of Commissioners on Character and Fitness approved Parker's character and fitness and permitted her to take the July 2011 bar exam.

{¶ 2}  The Board of Commissioners on Character and Fitness sua sponte investigated Parker's character, fitness, and moral qualifications after the Board of Bar Examiners found that she had violated bar-exam rules by continuing to write after time was called on at least two occasions during the July 2011 bar exam. Having heard Parker's testimony and considered the evidence adduced at a panel hearing, a panel of the board recommended that her character, fitness, and moral qualifications be disapproved, but that she be permitted to reapply for admission to the Ohio bar on or after February 1, 2013.  The board adopted the panel's findings of fact and recommendation, and so do we.

**Summary of the Proceedings**

{¶ 3}  At the conclusion of the July 2011 bar exam, one of the applicants approached Lee Ann Ward, director of bar admissions, to report that on several

occasions he had observed another applicant, later identified as Parker, continue to write after the instruction to stop writing had been given. The reporting applicant stated that he had observed this behavior on the first day of the exam when time was called for essay Question Nos. 1 and 2, and on the final day of the exam for Question Nos. 7 and 8, as well as Question Nos. 11 and 12. He estimated that on the first set of exam questions Parker continued to write for less than 30 seconds, but that on the final day of the exam, she "wrote for enough time to write complete full sentences on both occasions. I would say close to 45–60 secs each time."

{¶ 4} Based on this report and at the request of the chair of the Board of Bar Examiners, Ward sent Parker's tablemate an e-mail asking him generally if he had observed any breach of the exam rules during the examination. Parker's tablemate reported that he had seen Parker writing on two separate occasions, Tuesday and Thursday, after time was called. He described the first occasions as a "very brief time, maybe a second or two," but he stated that the second time was longer and described it as "long enough to get at least two lines of writing on paper."

{¶ 5} A panel of the Board of Bar Examiners conducted an evidentiary hearing regarding Parker's conduct, where it heard testimony from the reporting applicant, Parker's tablemate for the exam, and Parker. Based on this testimony, the panel concluded that Parker violated bar-examination rules by writing after time was called on at least two occasions and that she did not intend to violate the rule against writing after time was called.

{¶ 6} The Board of Bar Examiners adopted the panel report and decided that it would review the four essay questions at issue and award Parker zero points for the essay with the highest score. Despite having received a zero on one of the essay questions, Parker obtained a passing score on the July 2011 bar exam. Before permitting Parker to take the oath of office, however, the Board of

Commissioners on Character and Fitness sua sponte reviewed Parker's violation of the bar-exam rules. *See* Gov.Bar R. I(10)(B)(2)(e).

{¶ 7}  Also relevant to the board's inquiry is Parker's response to the allegations against her, which had been detailed in a July 29, 2011 letter from Ward.  Parker adamantly denied that she had continued to write after time had been called.  The board found it even more significant that Parker attacked the persons who had reported the alleged violations, saying that the accusations were false and that her accusers were lying.  Parker's response to the notice that the Board of Bar Examiners intended to conduct a hearing was also hostile.  She characterized the accusations as "malicious," "unfounded," "vague," and "empty and false" and attacked the integrity and motives of the applicants who had reported her conduct.  She also claimed that her attendance at the hearing would cause her "extreme hardship" and "financial hardship" and that it would pose a risk to her "financial security."

{¶ 8}  Parker did, however, attend the Board of Bar Examiner's hearing and, on direct examination, maintained that she had not written after time was called.  But on cross-examination, she began to waver, stating, "I don't remember writing past the time, but I would say that I guess it is possible.  I was in my own world.  I do not remember, looking back, and I racked my brain on that so many times, and I do not remember doing it."

{¶ 9}  At her hearing before a panel of the Board of Commissioners on Character and Fitness, Parker no longer adamantly denied that she had continued to write after time was called.  Instead, she testified that she had no recollection of doing so.  She further testified that she had written her initial response to the Board of Bar Examiners in the heat of the moment and without mature reflection.  While the board expressed some concern about Parker's "intemperate and irresponsible" response to the initial investigation of her conduct, the board

members found her remorse and her testimony about her maturation throughout this process to be credible.

{¶ 10} The Board of Commissioners on Character and Fitness agreed with the Board of Bar Examiners that Parker had violated bar-exam rules by continuing to write after time was called on three sets of questions, on two separate days. While recognizing that the first instance was so brief that it could be assumed to be of little consequence, the board found that her second and third violations were more egregious because they allowed her to write a sentence or two lines of writing, making her professed lack of memory less believable. The board did not doubt Parker's sincerity in claiming that she has always followed the rules and is not the type of person to cheat; it concluded, however, that her previous good behavior "may be more of an explanation for why she cannot allow herself to remember." Her inability to remember violating the rules did not convince the board that she acted without knowledge, and it actually heightened the board's concern about her forthrightness.

{¶ 11} Noting that the Rules for the Government of the Bar of Ohio require a lawyer to exhibit the highest level of honesty, and recognizing that "there is little difference between a lawyer denying that she did something and her saying she cannot remember doing it when it comes to the ability of courts and other lawyers to rely upon her," the board found that Parker had failed to carry her burden of proving her character and fitness by clear and convincing evidence. Therefore, the board recommends that Parker's pending application for admission to the bar of Ohio be disapproved, but that she be permitted to reapply for admission on or after February 1, 2013.

## Disposition

{¶ 12} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The

4

applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). Applicants must establish their capacity to learn, recall, and analyze; to communicate clearly; to exercise good judgment; to conduct themselves with a high degree of honesty, integrity, and trustworthiness in their professional affairs; to conduct themselves with respect for and in accordance with the law and the Rules of Professional Conduct; to diligently and reliably perform their obligations to clients, attorneys, courts, and others; to conscientiously comply with deadlines and time constraints; and to conduct themselves professionally and in a manner that engenders respect for the law and the profession. *Definitions of Essential Eligibility Requirements for the Practice of Law*, Nos. 1, 2, 3, 4, 5, 7, 9, 10, http://www.supremecourt.ohio.gov/AttySvcs/admissions/application/03req/default. asp (accessed Jan. 17, 2013). *See also In re Application of Blackwell*, 116 Ohio St.3d 530, 2007-Ohio-6041, 880 N.E.2d 886, ¶ 32; *In re Application of Head*, 114 Ohio St.3d 29, 2007-Ohio-2550, 867 N.E.2d 824, ¶ 18. Parker has failed to sustain that burden.

{¶ 13} Therefore, we adopt the board's finding that Parker has failed to prove that she currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio in both her conduct during the bar exam and in her response to the ensuing investigation. Consequently, we disapprove Parker's pending application. In light of Parker's sincere remorse and her maturation as a result of this experience, we permit Parker to reapply for admission to the bar on or after February 1, 2013.

{¶ 14} Accordingly, we disapprove Parker's pending application and permit her to reapply for admission to the Ohio bar on or after February 1, 2013, by submitting a new application to register as a candidate for admission to the practice of law and completing a new character and fitness examination, including a National Conference of Bar Examiners background investigation. Because she

has already passed the bar exam, despite having been penalized for her misconduct with a score of zero for one essay question, upon approval of her character and fitness and the satisfactory completion of all other requirements, Parker may be sworn in as a member of the bar.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Grubbs Law, P.L.L.C., Margo L. Grubbs, and Bonnie Rickert, for applicant.

Taft Stettinius & Hollister, L.L.P., and Ralph W. Kohnen; and Maria C. Palermo, Bar Counsel, for the Cincinnati Bar Association.

_____