[Cite as *Helbling v. Ward*, 2014-Ohio-1513.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99991

---

## LAUREN A. HELBLING, TRUSTEE

PLAINTIFF-APPELLEE

vs.

## LLOYD WARD, P.C., ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED IN PART, DISMISSED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-797787

**BEFORE:** Keough, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**FOR APPELLANTS**

Lloyd Ward, pro se
12655 N. Central Expressway
Suite 1000
Dallas, Texas 75243

**ATTORNEYS FOR APPELLEE**

Jeremiah E. Heck
Katherine L. Keenan
Luftman, Heck & Associates
580 East Rich Street
Columbus, Ohio 43215

Brian M. Garvine
Law Office of Brian M. Garvine, L.L.C.
5 East Long Street, Suite 1100
Columbus, Ohio 43215

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant Lloyd Ward [1] appeals the trial court's judgment denying his motions to compel arbitration and for change of venue. For the reasons that follow, we affirm in part, dismiss in part.

## I. Background

{¶2} On August 2, 2010, plaintiff-appellee Benjamin Pulliam contracted with Lloyd Ward Group P.C. for debt settlement services. The contract, called a "Client Services Agreement," contained a forum selection clause that provided for venue and jurisdiction in Texas. It also contained an arbitration clause.

{¶3} In December 2012, plaintiff-appellee, Laura A. Helbling, trustee for the bankruptcy estate of Benjamin and Dianne Pulliam, filed suit against Lloyd Ward, P.C., d.b.a. Lloyd Ward Group, L.L.C.; Lloyd Ward & Associates, P.C.; Lloyd Ward Group, P.C., a.k.a. Lloyd Ward Group, II; and Lloyd E. Ward, individually and as director/officer/owner of the Ward entities; as well as Silverleaf Debt Solutions, L.L.C. In her complaint, Helbling alleged that the various Ward defendants, in a joint venture with Silverleaf, advertised their debt settlement services in Ohio and engaged in fraudulent, abusive, deceptive, and unfair practices in Ohio in violation of the Debt Adjustment Act, R.C. 4710.01 et seq. and the Ohio Consumer Sales Practices Act, R.C.

_____

[1] After appellants' counsel withdrew, Ward filed a notice of appearance indicating that he would be representing his interests pro se. This court subsequently granted Helbling's motion to dismiss the appeal of all appellants other than Ward individually because the other appellants failed to file an appellate brief.

1345.01 et seq.

{¶4}   The Ward defendants subsequently filed motions to (1) dismiss Count 3 of the complaint, (2) change venue or dismiss the complaint, and (3) compel arbitration and stay the proceedings.   Thereafter, Helbling voluntarily dismissed Count 3 of the complaint, and the trial court denied the motions for change of venue and to compel arbitration.   This appeal followed.

## II.   Analysis

{¶5}   The arbitration clause at issue provided in pertinent part:

> We encourage you to discuss with the principal attorney or assistant providing legal services to you any problems you may have with our attorneys, accounting department, paralegal personnel, secretarial staff or other matters that may arise in connection with our representation.   If, after giving LWG [Lloyd Ward Group P.C.] thirty (30) days' notice of any complaint, you remain unsatisfied with LWG's response to your complaint, you hereby agree to mediate and/or arbitrate any complaint against LWG prior to the initiation of any public or private complaints or claims of any kind against LWG or any of its attorneys.   You agree to submit any dispute over the amount of fees charged to you to the Fee Dispute Committee of the Collin County Bar Association, State Bar of Texas. * * * The parties will submit all disputes arising under or related to this Agreement to binding arbitration according to the then-prevailing rules and procedures of the American Arbitration Association. * * * The arbitrator's award will be final and binding and judgment may be entered in any court of competent jurisdiction.

{¶6}   The trial court found that the agreement was an attorney-client agreement and, therefore, controlled by the Ohio Rules of Professional Conduct.   The court found that Prof.Cond.R. 1.8(h) mandates that an attorney-client agreement may not require arbitration of a claim against the lawyer unless the client is independently represented when making the agreement, and that agreements made contrary to the rule are

unenforceable. Because there was no evidence that Pulliam was independently represented by counsel in executing the agreement, the trial court denied the motion to compel arbitration.

{¶7} In his first assignment of error, Ward contends that the trial court erred in not enforcing the arbitration clause. We disagree.

{¶8} In *Thornton v. Haggins*, 8th Dist. Cuyahoga No. 83055, 2003-Ohio-7078, this court recognized that Ohio courts encourage arbitration to settle disputes between parties. *Id.* at ¶ 7. Nevertheless, with regard to whether an attorney-client agreement may contain an agreement to arbitrate attorney-client disputes, this court noted that the Ohio Supreme Court Board of Commissioners on Grievances and Discipline Opinion 96-9 "advised that an engagement letter between an attorney and client should not contain language requiring a client to prospectively agree to arbitrate legal malpractice disputes." *Id.* at ¶ 8. This court noted further that although the Board did not conclude that such provisions constitute a per se attempt to limit attorney liability in violation of the disciplinary rules, it indicated that before entering into such prospective agreements, most clients would benefit from the advice of separate counsel. Accordingly, this court concluded that "the best interests of the client require consultation with an independent attorney in order to determine whether to prospectively agree to arbitrate attorney-client disputes." *Id.* at ¶ 10. It held that "[s]uch agreements are therefore not knowingly and voluntarily made absent such independent consultation." *Id.*

{¶9} Recently, in *Guay v. Lloyd Ward, P.C.*, 5th Dist. Fairfield No. 13 CA 42,

2014-Ohio-190, the Fifth District adopted the reasoning of this court in *Thornton*. Because the Fifth District found that the relationship between Guay and Ward was that of attorney-client, but found no evidence that Guay was independently represented before she signed a Client Services Agreement that included an arbitration clause identical to that signed by appellee in this case, the Fifth District held that the trial court did not err in denying Ward's motion to enforce the arbitration agreement.

{¶10} Likewise, in this case there can be no dispute that the agreement at issue was one for legal services and, therefore, that the Ohio Rules of Professional Conduct regarding attorney-client relationships apply. Because there was no evidence that Pulliam was independently represented by counsel in prospectively agreeing to arbitrate any claims against Ward, in violation of Rule 1.8(h), the trial court did not err in denying Ward's motion to compel arbitration.

{¶11} Ward contends, however, that Rule 1.8(h) of the Ohio Rules of Professional Conduct is pre-empted by the Federal Arbitration Act ("FAA"), and cites *AT&T Mobility LLC v. Concepcion*, 563 U.S.__, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), as support for this proposition. Specifically, Ward contends that in *Concepcion*, the United States Supreme Court recognized that "when state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: the conflicting rule is displaced by the FAA." Accordingly, he contends that Rule 1.8(h) is preempted by the FAA.

{¶12} Ward's argument is without merit. Rule 1.8(h) does not "prohibit

outright" the arbitration of claims relating to a legal services agreement. In fact, it allows arbitration of such claims on the condition that a client be represented by independent counsel before prospectively agreeing to arbitrate his or her claims. Accordingly, *Concepcion* is not on point.

{¶13} Ward also argues that if the agreement at issue in this case is indeed one for legal services, he is exempt from the provisions of Ohio's Debt Adjustment and Consumer Sales Practices Acts under the exception for attorneys practicing in the state of Ohio, and Helbling's claims should be dismissed. This issue is not ripe for review, however. It was not presented to nor decided by the trial court and is not the subject of this appeal.

{¶14} The first assignment of error is therefore overruled.

{¶15} In his second assignment of error, Ward argues that the trial court erred in denying his motion to transfer venue. We dismiss this assignment of error for lack of jurisdiction.

{¶16} This court has jurisdiction to review, affirm, modify, or reverse "final orders" as provided by R.C. 2505.02. An order granting or denying a motion to change venue, however, is interlocutory and not a "final order" subject to appellate review under any provision of R.C. 2505.02. *State ex rel. Allied Chem. Co. v. Aurelius*, 16 Ohio App.3d 69, 474 N.E.2d 618 (8th Dist.1984), citing *Snell v. The Cincinnati St. Ry. Co.*, 60 Ohio St. 256, 272, 54 N.E. 270. *See also Guay*, 5th Dist. Fairfield No. 13 CA 42, 2013-Ohio-190, ¶ 41; *Mansfield Family Restaurant v. CGS Worldwide, Inc.*, 5th Dist.

Richland No. 00-CA-3, 2000 Ohio App. LEXIS 6187 (Dec. 28, 2000); *Rogers Sales, Inc. v. Analog Devices*, 10th Dist. Franklin No. 88AP-475, 1988 Ohio App. LEXIS 3497 (Aug. 25, 1988).

{¶17} The fact that Ward's motion relied on a Texas forum selection clause for change of venue does not change our judgment that the trial court's order is not final and subject to immediate appeal. In *Overhead v. Standen Contracting,* 6th Dist. Lucas No. L-01-1397, 2002-Ohio-1191, the Sixth District held that an order enforcing a forum selection clause and staying the case for 60 days prior to its dismissal until it could be refiled in Massachusetts was a final, appealable order under R.C. 2505.02(B)(a) and (b).

{¶18} These provisions provide that an order is final if it grants or denies a provisional remedy and (a) the order determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment. The *Overhead* court reasoned that because the Ohio case was to be dismissed, if Overhead could not immediately appeal the court's decision that the dispute must be litigated in Massachusetts, there would be no forum after final judgment that would have authority to review the decision enforcing the forum selection clause. *Id.* at *10. A Massachusetts appellate court would not have jurisdiction to review an Ohio court's decision, and it would be too late to file an appeal in the Ohio appellate court since the Ohio case would have been dismissed. *Id.* Accordingly, the court found that the order was final and

appealable.

{¶19} In this case, however, unlike in *Overhead*, Ward will be afforded a meaningful and effective remedy by appeal following final judgment as to all proceedings in Ohio. Therefore, the trial court's order denying the motion to change venue does not meet the requirements of R.C. 2505.02(4). The second assignment of error is dismissed for lack of jurisdiction.

{¶20} Affirmed in part; dismissed in part.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR